EAST TEXAS MOTOR CO. v. BAUGHMAN
et al.   (No. 8287.)

(Court of Civil Appeals of Texas. Galveston. Jan. 30, 1923.)

1. Chattel mortgages ⟜150(1)—Filing copy of mortgage not duly acknowledged or witnessed not constructive notice to subsequent purchasers.

The filing of a copy of a chattel mortgage, not acknowledged or witnessed, as required by Vernon's Sayles' Ann. Civ. St. 1914, art. 5656, is not constructive notice to subsequent purchasers, under articles 5654, 5655.

2. Chattel mortgages ⟜157(2)—Purchasers must show want of actual knowledge of unrecorded mortgage.

The burden of showing that purchasers of property had no actual knowledge of an unrecorded chattel mortgage thereon is on them.

3. Appeal and error ⟜1177(7)—Chattel mortgage foreclosure suit remanded despite want of proof of purchasers' lack of knowledge of mortgage, where not apparent that case was fully developed.

In the absence of proof that purchasers of property covered by an unrecorded chattel mortgage had no actual knowledge thereof, a judgment in their favor in mortgagee's foreclosure suit should be reversed, but, where it is not made apparent to the appellate court that the case was fully developed, the cause should be remanded for another trial.

Appeal from Anderson County Court; Chas. R. Stewart, Judge.

Action by the East Texas Motor Company against Ray Baughman, O. B. Rodgers, and others. From so much of the judgment as favored defendants, Rodgers and others, plaintiff appeals. Reversed and remanded.

Dent & Adams, of Crockett, and Seagler & Pickett, of Palestine, for appellant.
Clay Cotten, of Palestine, for appellees.

LANE, J. This suit was brought by the East Texas Motor Company, a firm composed of C. L. Edmiston and F. C. Edmiston, against Ray Baughman, to recover upon a note for $300 executed by Baughman, and for a foreclosure of a mortgage given by him upon a certain automobile to secure the payment of said note, and against O. B. Rodgers, M. M. Fields, and S. M. Fields, to foreclose said mortgage lien against them and to recover the sum of $400 for conversion by them of said automobile. Ray Baughman made no appearance. O. B. Rodgers, M. M. Fields, and S. M. Fields answered by general denial only.

The execution of the note and mortgage by Ray Baughman to the plaintiff, as alleged, was shown, and it was also shown that there was due and unpaid on said note the sum of $274.42 principal, $63.64 interest, and $33.80 attorney's fees. It was shown that said mortgage was executed on the 27th day of September, 1919; that its execution was not acknowledged by the mortgagor, and that it was signed by only one witness; that said mortgage was never filed with the clerk of the county court of Houston county, it being the county in which said automobile was situated and where the plaintiff resided, but that a copy only thereof was so filed on the 20th day of December, 1919.

It was agreed that O. B. Rodgers purchased the automobile from Ray Baughman on the 14th day of February, 1920, and that he paid $287.50 therefor, and that after his purchase he made repairs thereon, of the value of $32.30, and that after such purchase and repairs he sold the same to M. M. and S. M. Fields, who are now in possession of same and are claiming and holding it as their property and refusing to deliver it to the plaintiff. There was no evidence showing or tending to show whether or not O. B. Rodgers or either of the Fields had actual knowledge of the mortgage of the plaintiff prior to their purchase of the automobile.

The case was tried before the court without a jury, and judgment was rendered in favor of the plaintiff against Ray Baughman for the sum of $365.47, the sum sued for, for a foreclosure of his mortgage lien upon all interest owned therein by Ray Baughman

and for an execution and order of sale for the seizure and sale thereof, the proceeds of such sale to be applied toward payment of the judgment so rendered. It was adjudged, however, that no recovery should be had against the defendants O. B. Rodgers, M. M. Fields, or S. M. Fields. From so much of the judgment as is in favor of said last-named defendants, the plaintiffs have appealed.

Article 5654, Vernon's Sayles' Civil Statutes 1914, provides as follows:

"All reservation of the title to or property in chattels, as security for the purchase money thereof, shall be held to be chattel mortgages, and shall, when possession is delivered to the vendee, be void as to creditors and bona fide purchasers, unless such reservations be in writing and registered as required of chattel mortgages."

And by article 5655 it is provided, that every mortgage upon chattels, which remain in possession of the mortgagor, shall be void as against subsequent purchasers and mortgagees or lienholders in good faith, unless the same, or a true copy thereof, shall be forthwith filed in the office of the county clerk of the county where the property shall be situated. And by article 5656 it is provided, if a copy of such mortgage be presented to the clerk for filing, instead of the original, he shall not file the same unless the original has been witnessed by two subscribing witnesses or acknowledged or proven for record and certified, as required in case of other instruments for the purpose of being recorded.

[1] As before stated, it is shown that the mortgage was neither acknowledged or witnessed as required by law, so that a copy thereof might be filed in lieu of the original; that the original was never filed, and that a copy thereof only was filed. Under these circumstances the filing of the copy was not constructive notice of the existence of the mortgage, and, if it were shown that O. B. Rodgers purchased the automobile without actual notice of the existence of such mortgage, the judgment in favor of the defendants should be affirmed, and it should also be affirmed if it be shown that neither of the Fields had actual knowledge of said mortgage at the time they purchased from Rodgers.

[2] There was no proof, however, that O. B. Rodgers, M. M. Fields, or S. M. Fields had no actual notice of the existence of the mortgage at the time of their several purchases of the automobile. In Bowen v. Lansing Wagon Works, 91 Tex. 385, 43 S. W. 872, Oak Cliff College v. Armstrong (Tex: Civ. App.) 50 S. W. 611, and Vickers v. Carnahan, 4 Tex. Civ. App. 305, 23 S. W. 339, it was held that the burden to show that purchasers of mortgaged property had no actual knowledge of an unrecorded mortgage, in such cases as the present case, was upon such purchasers. Such holding seems to be the settled law of this state.

[3] As there was no such proof made in the present case, the judgment appealed from should be reversed, but in view of the fact that it is not made apparent to us that the case was fully developed, we think the judgment should be reversed and the cause remanded for another trial, and it is so ordered.

Reversed and remanded.