**BROWN v. ACKERMAN.** (No. 1084—5310.)

Commission of Appeals of Texas, Section B.
June 5, 1929.

George P. Brown, of Edinburg, and R. S. Ragsdale, of Burkburnett, for plaintiff in error.

W. R. Montgomery, W. H. Sadler, J. C. Hall, and J. F. Carl, all of Edinburg, for defendant in error.

LEDDY, J. This was an action of trespass to try title, in which J. J. Thames was agreed to be the common source under which both parties claimed.

Defendant in error established a complete record title from the common source; his immediate grantor being C. D. Martin. Plaintiff in error attempted to prove an equitable title by introducing an option contract executed by J. J. Thames, by the terms of which A. J. McColl was given an option to purchase the land in controversy on or before January 1, 1914, which was subsequently extended, by a supplemental contract, to September 1, 1914. The record did not show that any conveyance was executed under this contract, but disclosed that defendant in error purchased the property practically two months after the extended option had expired by its own terms.

Plaintiff in error also offered in evidence a deed to him from the Rio Grande Development Company. Parol proof was made that C. D. Martin, defendant in error's immediate grantor, was what is denominated a "straw man," holding the title for said corporation. It was claimed that McColl was entitled to receive a conveyance under his option contract with Thames and, as he was the owner of practically all of the capital stock of the Rio Grande Development Company, that, when Martin acquired the legal title to the land, it inured to the benefit of McColl's company.

It is plaintiff in error's contention that the record of the option contract and the deed from the Rio Grande Development Company to him was sufficient to put defendant in error upon notice that said company owned the equitable title to the land.

No proof whatever was offered tending to show that defendant in error knew that Martin was not the beneficial owner of the title he purported to convey, or that McColl, or his corporation, the Rio Grande Development Company, had acquired, or was entitled to acquire, any title to the property from Thames under the option contract aforesaid.

The law is thoroughly settled in this state that, while a purchaser is bound with constructive notice of all recorded instruments lying within his chain of title, the record of a deed or instrument lying outside of his chain of title imports no notice to him. Holmes v. Buckner, 67 Tex. 107, 2 S. W. 452; Lumpkin v. Adams, 74 Tex. 102, 11 S. W. 1070; Peterson v. McCauley (Tex. Civ. App.) 25 S.

W. 826; Gamble v. Martin (Tex. Civ. App.) 151 S. W. 327; 3 Washb. on Real Prop. p. 316; 27 R. C. L. p. 717, § 482.

There was nothing shown of record which imputed notice of any outstanding equitable title. The option contract was wholly insufficient for this purpose because it had expired by its own terms prior to the date defendant in error acquired the land. The deed from the Rio Grande Development Company to plaintiff in error was not shown by the record to be connected in any way with the title under which defendant in error claimed. So far as the record showed, this company appeared purely as an interloper in the title; hence the record of its deed to plaintiff in error was not constructive notice of the equities claimed by him.

But it is claimed that, as Thames was agreed to be the common source of title, it devolved upon defendant in error to prove a better title than that shown by it. While this is a correct rule of law, the same does not operate to prevent defendant in error establishing a superior title under his claim as a bona fide purchaser for value without notice of the equitable title asserted by plaintiff in error. Conceding that plaintiff in error's equitable title was fully proven, yet defendant in error having no notice of the existence of such title at the time the land was conveyed to him by the record owner thereof, he acquired a title superior to that held by plaintiff in error.

The judgment of the Court of Civil Appeals is correct and should be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed.