**WEISENBERGER et al. v. LONE STAR GAS CO. et al.**

No. 15433.

Court of Civil Appeals of Texas.
Fort Worth.

April 3, 1953.

Rehearing Denied May 1, 1953.

Frank R. Graves, Fort Worth, for appellants.

Thompson, Walker, Smith & Shannon and Richard T. Churchill, Fort Worth, for appellee Lone Star Gas Co.

C. Gordon Whitman, Fort Worth, for appellee Charles Mitchell.

BOYD, Justice.

On October 14, 1950, J. H. Weisenberger, who was the owner of Lot 32, Block 9, Weisenberger City Addition to the City of Fort Worth, Texas, entered into a contract to sell said land to Charles Mitchell and Mitchell entered into possession under the contract, which obligated him to pay $32.50 per month, and thereafter defaulted in the payments and was dispossessed by Weisenberger in October, 1951. Mitchell's contract with Weisenberger provided that in case of rescission he would immediately and peacefully surrender possession to Weisenberger with any improvements made by Mitchell thereon.

On March 8, 1951, Lone Star Gas Company entered into a conditional sales contract with Mitchell to sell him a water heater and other equipment, for which Mitchell agreed to pay a balance of $288.50 in thirty monthly installments. Said contract provided that the equipment should be and remain personal property and that title should be retained by and in the seller until all payments should be made in full, and that the seller could repossess and remove the property upon default. The equipment was installed in a house on said Lot 32. Mitchell defaulted in November, 1951, in his payments to Lone Star.

Lone Star sued Mitchell for debt in the amount of $285.17 and for foreclosure on the water heater, and sued for foreclosure against Weisenberger and J. E. Hampton, the latter being the occupant of the house at the time of suit. Mitchell asked for judgment over against Weisenberger and Hampton for any amount due by Mitchell on the equipment. Trial before the court resulted in a judgment for plaintiff against Mitchell for its debt and for foreclosure against all defendants upon the water heater, and judgment for Mitchell over against Weisenberger for any excess against Mitchell after sale of the heater. Weisenberger and Hampton appealed.

The court found that the water heater is not attached to the realty so as to become a fixture thereto, although susceptible of being so attached, and that it can be removed without any damage to the freehold and without impairing the security for the lien retained by Weisenberger in his contract with Mitchell.

Appellants contend that the trial court was without jurisdiction to render the judgment of foreclosure because there was no allegation or proof of the value of the property; that it was error to foreclose a lien on only a portion of the equipment in the absence of allegations and proof of the value of the chattel foreclosed; and error to render judgment against Weisenberger in favor of Mitchell; that the court erred in admitting in evidence as against the appellants the conditional sales contract between Lone Star and Mitchell because the plaintiff had not complied with Article 5498, R.C.S., in the registration of the contract, and because there was a variance between the description of the water heater in the petition and in the contract; and that the evidence did not support the court's finding that the water heater is not attached to the realty so as to become a fixture thereto.

Plaintiff's petition shows that the amount of the debt sued for was $285.17 and alleged that this was the reasonable value of the equipment and services, but the value of the water heater foreclosed upon was not alleged. There was no motion or exception to the plaintiff's petition pointing out any failure to allege jurisdictional facts, and we hold that the defect, if any, was waived. Erminger v. Daniel, Tex.Civ.App., 185 S.W.2d 148; Rule 90, T.R.C.P.; Litterst v. Edmonds, Tex.Civ. App., 176 S.W.2d 342; Texas Osage Co-op Royalty Pool v. Kemper, Tex.Civ.App., 170 S.W.2d 849, writ ref. The sale price of the heater was $199.75, and the court found that

the proportionate part of the total sum due under the conditional sales contract allocable to the heater was $194.99. In the absence of a plea to the jurisdiction, allegation of the amount in controversy determines jurisdiction. Lunsford v. Pearce, Tex.Civ.App., 19 S.W.2d 71; Sparkman v. First State Bank of Handley, Tex.Civ.App., 246 S.W. 724; Dwyer v. Bassett, 63 Tex. 274; Tidball v. Eichoff, 66 Tex. 58, 17 S. W. 263; 21 C.J.S., Courts, § 69, p. 94.

We are of the opinion that since Weisenberger was a prior interest holder in the real estate and Article 5498 applies only where there are subsequent interest holders, it is unnecessary to determine whether the registration of the conditional sales contract sufficiently complied with that Article.

We believe the evidence supports the findings of the trial court that the water heater is not attached to the realty so as to become a fixture thereto and that it can be removed without damage to the freehold and without impairing Weisenberger's rights under his contract with Mitchell, and that the court did not err in foreclosing the mortgage against the appellants as persons in possession of the chattel. The heater being personal property and subject to the chattel mortgage lien, it did not become a part of the realty under the circumstances disclosed by this record.

In Willis v. Munger Improved Cotton Machine Manufacturing Co., 13 Tex. Civ.App. 677, 36 S.W. 1010, writ denied, it was held that machinery, the purchase price of which was secured by chattel mortgage and which was capable of removal without injury to the realty, does not become subject to a prior vendor's lien. To the same effect is the decision in Murray Co. v. Simmons, Tex.Com.App., 229 S.W. 461. In Southwestern Public Service Co. v. Smith, Tex.Civ.App., 31 S.W.2d 472, 477, it is said that where articles are sold on condition that the title shall not pass until full payment is made, their annexation to realty does not render them a part of the realty and an agreement reserving the right of removal in favor of the vendor is implied. The court further said: "Under the facts presented, the rights of the corporate defendants and the bondholders are controlled by the principles governing the holders of liens on real estate given before the chattels are annexed thereto. They are prior, not subsequent mortgagees or lienors for value, and could not avail themselves of the failure of appellant to register its conditional sales contract, and, unless the chattels were so attached to the building as to become a part of the realty, they would not have a lien superior to that urged by appellant. Murray Co. v. Simmons, supra; New Orleans & O. Ry. Co. v. Mellen [U. S. v. New Orleans & O. R. Co.], 12 Wall. 362, 20 L.Ed. 434; Cox v. New Bern Lighting & Fuel Co., 151 N.C. 62, 65 S.E. 648, 134 Am.St.Rep. 966, 18 Ann.Cas. 936; Campbell v. Roddy, 44 N.J.Eq. 244, 14 A. 279, 6 Am.St.Rep. 889; Beatrice Creamery Co. v. Sylvester, 65 Colo. 569, 179 P. 154, 13 A.L.R. 441; 1 Jones on Mortgages, 714." In any event, we think appellants could not successfully resist the foreclosure, since they neither alleged nor proved that they were subsequent purchasers for value without notice. Texas Power & Light Co. v. Malone, Tex.Civ.App., 42 S.W.2d 845, writ dis.; East Texas Motor Co. v. Baughman, Tex.Civ.App., 248 S.W. 802.

We cannot agree with appellants' contention that there is a material variance between the description of the water heater set out in the petition and that contained in the conditional sales contract. In the petition the heater was described as "one No. M–30–30 Ruud Monel Water Heater" and in the contract as "1–No. M–21–30 Ruud Monel Water Heater." The petition further alleged that the heater was installed on the property occupied by Mitchell, which Weisenberger repossessed and which Hampton was then occupying. Mitchell testified that the identical heater was in the house that Weisenberger repossessed and the witness Frase testified that the technical description of the heater "is a 30–30 Ruud hot water heater." In a foreclosure suit a slight variance between the description of the mortgaged property contained in the petition and that contained in the mortgage will be regarded as immaterial if the description is such that the property may be distinguished from property of a

like kind. Harding v. Jesse Dennett, Inc., 17 S.W.2d 862, writ ref.

 Even if the finding that the part of the debt allocable to the heater does not amount to a finding as to its value, we do not think that appellants are wrongfully deprived of the right of redemption by paying for the property. They were not sued for damages for conversion. We understand the rule to be that one who converts mortgaged property can be held liable only for the value of the property, if the debt exceeds the value, or for the debt if it is less than the value. Hodges v. Leach, Tex.Civ. App., 214 S.W.2d 837. But a judgment of foreclosure may be rendered against one having possession of the chattel when no recovery for damages is sought against him. He is a proper, if not a necessary, party to a foreclosure suit. Rule 309, T.R. C.P.; Carey v. Sheets, Tex.Civ.App., 109 S.W.2d 782; 14 C.J.S., Chattel Mortgages, § 403, p. 1053. And there was no objection to the finding that the amount of the debt allocable to the heater was $194.99.

 We have reached the conclusion that the judgment in favor of Mitchell against the appellant Weisenberger cannot stand. There is no question but that a person in possession of premises may be reimbursed for improvements made in good faith when the premises are lost through no failure or fault of his own. But we have been cited to no case and have found none where recovery has been awarded to one who contracts to buy real estate to be paid for in installments and who, after making permanent and valuable improvements, becomes delinquent in his payments and loses the property under his contract with the seller. In the early case of Moore v. Giesecke, 76 Tex. 543, 13 S.W. 290, 293, the Supreme Court said: "We repeat what has already been said when we say that, when the vendor's suit is predicated upon the mere refusal of the vendee to pay the whole consideration contracted for, the facts that the vendee has paid part of the consideration, and made permanent and valuable improvements, coupled with possession of the property, unaided by some other sufficient equity, will not entitle him to recover for such purchase money or im-

provements. * * * when the vendee does not seek to perform the contract, and the vendor shows himself entitled to recover back the land, then, before he should be compelled, as a condition of its reacquisition, to pay for improvements, or refund purchase money, equitable right to such relief should be shown by the vendee. * * *" In Allen v. Mitchell's Ex'x, 13 Tex. 373, it was held that compensation cannot be claimed by one who takes possession and makes permanent and valuable improvements under an executory contract for the sale of land, and who is dispossessed for failure to pay the purchase money.

In Pollard v. McCrummen, Tex.Civ.App., 160 S.W. 1148, it was held that where a vendor was willing to comply with the contract of sale, but the purchaser repudiated the contract which provided that he should make certain improvements and that the vendor should then take a vendor's lien for the deferred payments and make a deed to the land, in trespass to try title an allegation that the vendor had executed and tendered the deed was unnecessary.

We have considered the other assignments and believe that the rulings of the trial court reflected thereby were correct.

The judgment awarding Mitchell recovery over against Weisenberger is reversed and rendered; in all other respects the judgment is affirmed. One-half of all costs will be taxed against appellants, and the other one-half against appellee Mitchell.