**LONE STAR GAS COMPANY, Appellant,**

v.

**Jack E. SHEANER et al., Appellees.**

No. 3401.

Court of Civil Appeals of Texas. Waco.

Dec. 28, 1956.

Rehearing Denied Jan. 24, 1957.

R. W. Shytles, Marshall Newcomb, Dallas, for appellant.

Chancellor & Wood, Dallas, for appellees.

McDONALD, Chief Justice.

This suit was brought by Lone Star Gas Company as plaintiff against Jack Sheaner and James W. Tomlin as defendants to recover a money judgment against Sheaner for $252 unpaid balance of the purchase price of a water heater, and for foreclosure of a chattel mortgage lien against Sheaner and Tomlin, the latter being the person in whose possession the heater was situated. Judgment by default was taken against Sheaner, but a motion for summary judgment denying plaintiff's right to foreclose its asserted lien on the water heater against defendant Tomlin was sustained by the Trial Court. Plaintiff appeals, contending that defendant Tomlin was charged as a matter of law with constructive notice of its lien as provided in Article 5498, R.C.S., since plaintiff complied with all of the requirements of such article.

The facts in this case are without dispute and are before us by way of the pleadings, motions for summary judgment, and affidavits, and are summarized as follows:

In December 1954 plaintiff Lone Star Gas Company sold Jack Sheaner a water heater for $249, less $24.90 trade-in on old water heater, less $10 down payment, plus finance charges of $38.52, leaving an unpaid balance of $252 which Sheaner agreed to pay in 36 monthly installments of $7.04 each.

Sheaner executed a conditional sales contract to Lone Star, which contained usual mortgage-lien provisions, described the water heater and stated it was to be installed at 3050 Norwalk Drive, Dallas, Texas.

The heater was installed in the house at 3050 Norwalk Drive, Dallas, Texas.

The contract-mortgage lien was filed in the Chattel Mortgage Records in the Dallas County Clerk's office as *"Lien on Machinery Situated on Realty"*.

In April 1955 Sheaner defaulted in his payments, owing *$238* on the heater. The Gas Company turned the contract over to its attorney for collection, who brought this suit for debt and foreclosure of the lien.

At the time of the installation of the water heater, 3050 Norwalk Drive, the house and real estate upon which the plaintiff Gas Company installed the water heater, were *owned* by Pressley Funk, he having acquired same by general warranty deed from Central Building Corporation, such deed being duly recorded. Plaintiff Gas Company installed the water heater on Pressley Funk's premises without Funk's knowledge or consent, and without Funk's knowledge or consent installed the heater in lieu of the heater that was on the premises as a permanent fixture. In May 1955 Pressley Funk, by general warranty deed, sold the premises, together with all rights and appurtenances thereto belonging, to defendant Tomlin (which deed is duly recorded). Defendant Tomlin purchased the property in good faith, for a valuable consideration, without notice or knowledge, actual or constructive, of plaintiff Gas Company's claim to the water heater. *Defendant Jack Sheaner* was a stranger to the record title of the property at the time he executed the chattel mortgage lien, at all times thereafter, and nowhere appears in the chain of record title to the property. The house and real estate purchased by Tomlin was in possession, custody and control of Funk at the time of the purchase of same by Tomlin and Tomlin believed that the real estate, including the water heater affixed thereon, belonged to Funk, and it was sold to Tomlin as such, and Tomlin so relied in purchasing the real property (with the heater affixed thereon).

Under the foregoing state of the record the Trial Court granted plaintiff judgment against Sheaner; denied plaintiff's motion for summary judgment of foreclosure of lien on the water heater against defendant Tomlin; and granted defendant Tomlin's

motion for summary judgment that plaintiff Gas Company take nothing as to him.

■ As noted, plaintiff complied with the terms of Article 5498, R.C.S. in recording its mortgage and lien, and now contends that having so complied, defendant was charged as a matter of law with notice of such lien.

Article 5498, R.C.S. provides:

"When any machinery * * * susceptible of being attached to the realty in such a way as to become a fixture thereto and is located upon real estate in such manner as the same may be deemed a fixture thereto, and at the time of its location upon such real estate there is a lien or mortgage evidenced by written instrument * *, executed by the purchaser * * *, and the instrument evidencing said lien * * * contains a description of said machinery * * *, as well as the real estate upon which it is to be located * * *, and such instrument is registered under the provisions of this Act, *then the registration of such instrument evidencing said lien, * * shall be notice to all persons * * * of all the rights of the owners * * of the indebtedness secured by said instrument the same as if recorded at length in the deed records or records of mortgages upon realty of the county where the real estate is situated * *."*

We therefore note that the *Notice* imported by a proper recording of the chattel mortgage lien is:

"*The same as if recorded at length in the deed records or records of mortgages upon realty of the county where the real estate is situated.*"

From the foregoing it is apparent that Article 5498 gives a properly executed and recorded chattel mortgage on realty, with reference to the question of *Notice,* no greater dignity than would be extended to a deed, deed of trust, or mortgage upon

such realty when executed by a stranger to the title thereto, and not in the purchaser's chain of title. This article places them on the same basis as to notice as to one dealing with the realty.

■ It is the law of this state that the record of a deed or mortgage by a stranger to the title to real estate, although *duly recorded,* is not constructive notice to a subsequent purchaser from the record owner of the property, because such instrument is not in the chain of title to such property.

36 Tex.Jur., Sec. 51, p. 480, states the rule:

"The record of a deed by a person who is not shown by the record to have been connected with the title under which a subsequent purchaser claims is not notice to a subsequent purchaser from an owner of the property."

To the same effect are: Brown v. Ackerman, Tex.Com.App., 17 S.W.2d 771; Lumpkin v. Adams, 74 Tex. 96, 11 S.W. 1070; 36 Tex.Jur., pp. 492–493; Patton on Titles, Sec. 44; 45 Am.Jur., Sec. 99, p. 475.

36 Tex.Jur., Sec. 58, p. 492, states:

"The statute provides that the record of any instrument authorized to be recorded shall be notice to all persons of the existence of such instrument. The literal terms of this provision would require that all persons be held to know what appears on the face of a duly recorded instrument, and there are statements in many of the cases to the effect that the proper record of an instrument which has been authorized to be recorded is notice to all the world. *But this proposition is subject to important qualifications; and registration does not have such broad effect to impute notice as might be inferred from a literal construction of the statute.*

"*The registration of an instrument carries notice of its contents only to*

*those persons who are bound in the circumstances to search the record for such an instrument.* Notice of the execution and contents of the recorded writing is imputed to subsequent purchasers, etc. * * * *But the record is notice only of instruments lying within a purchaser's chain of title.*

"Patton on Titles, Sec. 44: Record of Instruments outside vendor's chain of title.

"But in most states (including Texas) the only facilities provided by Statute for finding the records. pertinent to any particular title are in Indices of Grantors and Grantees. * * * The only fair rule is to hold that the record of an instrument will not afford constructive notice, if it is outside the chain under which a purchaser claims title. (Citing: White v. McGregor, 92 Tex. 556, 50 S.W. 564; Breen v. Morehead, 104 Tex. 254, 136 S.W. 1047.)

*"To hold otherwise would be to impose upon such parties the duty of making a general search of every instrument filed for record."*

█ It follows that we think a chattel mortgage lien on realty, executed by one who was not the owner of the realty, and whose name nowhere appears in the chain of title to the realty, could not constitute constructive notice to a bona fide purchaser of the realty from the record owner, for value, without notice of such lien, although such lien was filed for record. In the case at bar, plaintiff Gas Company, without the knowledge or consent of Pressley Funk, the owner of the premises entered the premises and removed the water heater thereon and installed thereon another water heater as a permanent fixture under an agreement with Jack Sheaner, a stranger to the record title to the real estate. We think the chattel mortgage lien executed by Sheaner, who was not the record owner of the real estate, or in the chain of title to

such real estate, although properly. filed for record, did not constitute constructive notice to defendant Tomlin, a bona fide purchaser of the realty, for value, without notice of the lien, who purchased from. Pressley Funk, the true record owner who was at the time of the purpose in exclusive possession, custody, and control of the premises.

█ Further, we are of the opinion that such lien did not and could not have the effect of vesting any legal right in the Gas Company to inflict substantial injury with impunity to the freehold estate of Pressley Funk, and to the real property belonging to Funk at the time when the water heater was permanently affixed to the realty. The law has long been well settled in this state that a chattel loses its identity as personal property when it becomes affixed to realty in such manner that it cannot be removed without doing substantial injury to the realty. Consequently, we must .assume from the established facts in this case that the water heater in controversy could not be removed under foreclosure of a chattel mortgage covering the same without substantial injury to the realty to which it had become affixed. Since Funk was not bound by the chattel mortgage lien, Tomlin was not bound by the same under the provisions of Art. 5498,. R.C.S.

It follows that the judgment of the Trial Court is Affirmed.

TIREY, Justice (dissenting).

I am unable to agree with the disposition of this cause as made by the majority opinion, wherein it refuses to allow a foreclosure of the mortgage lien against Tomlin.

As I understand the majority opinion, it is of the view that the Lone Star Gas Company complied with the terms of Art. 5498, R.C.S. in the recording of its mortgage and lien. Notwithstanding this fact the opinion says: " * * * we think a chattel mortgage lien on realty, executed by one who was

not the owner of the realty, and whose name nowhere appears in the chain of title to the realty, could not constitute constructive notice to a bona fide purchaser of the realty from the record owner, for value, without notice of such lien, although such lien was filed for record." (First of all, the mortgage lien is not on the realty, but is on the water heater installed on the realty.) It is my view that such holding by the majority under the undisputed record here is in irreconcilable conflict with the very terms of the statute. Such statute, after setting out what is necessary to be done by the mortgagee in the filing of his lien (which statute in the instant case was complied with), says: " * * * and such instrument is registered under the provisions of this Act, then the registration of such instrument evidencing said lien, mortgage, or reservation of title as provided for by this Act, shall be notice to all persons thereafter dealing with or acquiring any right or interest in said machinery or other manufactured article, or the realty upon which the same is located or other improvements or property situated on said real estate, of all the rights of the owners or holders of the indebtedness secured by said instrument the same as if recorded at length in the deed records or records of mortgages upon realty of the county where the real estate is situated, and such lien, mortgage or reservation of title upon or to such machinery or other manufactured article shall be as to such machinery and other manufactured article superior to any lien or rights existing in any one to said real estate or other improvements or other property located and situated thereon existing at the time of the location of said machinery or other manufactured article thereon [and then follows the only exception], but nothing herein contained shall be held to give the holder of such lien, mortgage or reservation of title any right to or claim upon the real estate save and except the right to establish and foreclose his lien, mortgage or reservation of title upon such machinery or other manufactured article, and

to enforce his rights thereto under the instrument evidencing his lien, mortgage or reservation of title, as in other cases of liens upon personal property hereunder."

It is true that the Lone Star Gas Company, while Pressley Funk was the owner of the property, could not, by installing the water heater, impress a lien against Funk without his knowledge or consent, but when Funk sold the property to Tomlin, Tomlin came under the express provisions of the statute here under consideration. So I am of the view that the conclusion of the majority opinion where it says: "since Funk was not bound by the chattel mortgage lien, Tomlin was not bound by the same under the provisions of Art. 5498, R.C.S.", is in direct and irreconcilable conflict with the terms of the statute aforesaid and the undisputed record in this cause.

I have not been able to find any decision in our courts dealing with the exact factual situation here before us. However, it is my view that the opinion of the Commission of Appeals in the Citizens National Bank of Abilene v. Elk Mfg. Co., reported in Tex.Com.App., 29 S.W.2d 1062, point 5, and the recent case of the Ft. Worth Court in Weisenberger v. Lone Star Gas Co., Tex.Civ.App., 257 S.W.2d 331 (writ dis.), support my views. See also the cases there cited.

Article 5498, aforesaid, represents the public policy of our State, as fixed by the Legislature on such matters, and I think the courts are without authority to rewrite the public policy of this State when it has been determined by the Legislature, absent a violation of our Constitution. My view is that the only point before us here is whether or not the Lone Star Gas Company had a right to foreclose its lien under the undisputed factual situation here, and I think it did. The fact that Funk, the owner of the property at the time the gas heater was installed, did not give his consent to the sale made by the gas company to his tenant is beside the point, because Funk

had parted with his title at the time the gas company filed its suit to foreclose, and the fact that Funk may be liable to his grantee on his warranty is not before us. Funk is not a party to this suit and he is not here making claim for relief, nor is Tomlin asking for any relief against Funk. I think the judgment of the trial court, wherein it refuses to allow a foreclosure of the mortgage lien against Tomlin, should be reversed and rendered and the lien of the Lone Star Gas Company be in all things foreclosed.