to respondent of exceptions to the Density Rule should be upheld.

I shall not attempt to set out the evidence or point out in this opinion wherein the evidence is lacking. Suffice to say, if respondent is not getting his fair share of the gas produced from the Bethany Field, he has a way to proceed so as to get that fair share. He accepted the 640 acre unit, one well to the unit without protest. He voluntarily put all the acreage involved in the four units and got his one well per unit.

Now, if he is not getting his fair share, one way he could get relief if he can make out a case, would be on the basis of allowables by either limiting the allowables for the sixteen wells to the north, or increasing the allowables for the 103 wells to the south. Certainly, confiscation has not been shown.

I would reverse the judgments of both courts below, and dismiss the cause without prejudice to the right of respondent to file a proper application to the Commission.

GRIFFIN, J., joins in this dissenting opinion.

**LONE STAR GAS COMPANY, Petitioner,**

**v.**

**Jack E. SHEANER et al., Respondents.**

**No. A–6237.**

Supreme Court of Texas.

July 10, 1957.

Rehearing Denied Oct. 2, 1957.

Marshall Newcomb and R. W. Shytles, Dallas, for petitioner.

Chancellor & Wood, Dallas, for respondent.

HICKMAN, Chief Justice.

This is a suit by petitioner, Lone Star Gas Company, hereinafter referred to as Lone Star or petitioner, for a money judgment against Jack E. Sheaner for the unpaid balance of the purchase price of a water heater and for the foreclosure of a chattel mortgage lien on the same as against Jack E. Sheaner and James W. Tomlin. A judgment by default was rendered against Sheaner and no appeal was prosecuted by him. On Tomlin's motion a summary judgment was rendered denying the right of Lone Star to foreclose its chattel mortgage, which judgment was affirmed by the Court of Civil Appeals, one of the justices dissenting. 297 S.W.2d 855.

This is a county court case, but this court has jurisdiction to decide it under Revised Statutes, Article 1728, on two grounds, namely: (1) It involves the construction of a statute necessary to its determination, and (2) a dissenting opinion on a question of law material to the decision was filed in the Court of Civil Appeals.

The facts are not at all complicated. Lone Star sold Sheaner a water heater which was installed in a residence in Dallas, the record title to which residence was in Pressley C. Funk, III. Sheaner was in peaceable possession of the residence at the time, but under what right he held possession is not disclosed. Later Funk sold the real estate to Tomlin, and the decisive question is whether Tomlin, as a matter of law, is protected as an innocent purchaser of the water heater. At the time of the purchase and sale of the water heater Sheaner and Lone Star executed a conditional sales contract reserving title in Lone Star pending final payment of all installments mentioned in the contract. That instrument was properly endorsed and filed for registration as a lien on machinery situated on realty, in the office of the County Clerk of Dallas County. Some months later Sheaner defaulted in his payments, and shortly after Sheaner's default Funk sold the property to Tomlin, who had no actual notice of the reservation of title to the chattel by Lone Star. The question for decision is whether, as a matter of law, he is not charged with constructive notice thereof.

The Article under which Lone Star bases its claim is very long, but it seems desirable to quote the substance thereof, which is as follows:

"Art. 5498. Record of chattels on realty.—When any * * * manufactured article is * * * located upon real estate in such manner as the same may be deemed a fixture thereto, and at the time of its location upon such real estate there is a lien or mortgage evidenced by written instrument or any instrument reserving title in such * * * manufactured article to secure an indebtedness thereon, *executed by the purchaser or owner of such * * * manufactured article at the time of its location on such real estate,* and the instrument evidencing said lien, mortgage or reservation of title contains a description of said * * * manufactured article, as well as the real estate upon which it is to be located or situated, reasonably sufficient to identify said real estate, and such instrument is registered under the provisions of this Act, then the registration of such instrument evidencing said lien, mortgage, or reservation of title as provided for by this Act, *shall be notice to all persons thereafter dealing with or acquiring any right or interest in said * * * manufactured article, or the realty upon which the same is located* or other improvements or property situated on said real estate, of all of the rights of the owners or holders of the indebtedness secured by said instrument *the same as if recorded at length in the deed records or records of mortgages upon realty of the county where the real estate is situated,* and such lien, mortgage or reservation of title upon or to such * * * manufactured article shall be as to such * * * manufactured article *superior to any lien or rights existing in any one to said real estate* or other improvements or other property located and situated thereon existing at the time of the location of said * * * manufactured article thereon, but nothing herein contained shall be held to give the holder of such lien, mortgage or reservation of title any right to or claim upon the real estate save and except the right to establish and foreclose his lien, mortgage or reservation of title upon such * * * manufactured article, and to enforce his rights thereto under the instrument evidencing his lien, mortgage or reservation of title, as in other cases of liens upon personal property hereunder. All

such instruments shall be endorsed on the back thereof, to wit, 'Liens on machinery situated on realty,' and shall be registered in the county where the real estate is located in the manner as other chattel mortgages except that there shall be kept, indexed and recorded, as now herein provided for chattel mortgages, *a separate book to be endorsed 'chattel mortgage records on realty.' The record thereof shall in addition to the other requirements of this Act contain a brief description of said real estate to which said fixtures are to be attached."* (Emphasis supplied.)

The question before us for decision is whether or not Tomlin made a showing in the trial court entitling him to a summary judgment. In determining that question we look to the grounds relied upon by him in that court. Those grounds were (1) that Sheaner was a complete stranger to the record title to the real estate upon which the water heater was installed, and therefore Tomlin was not charged with notice of the instrument executed by him, and (2) that Lone Star was a trespasser upon the real estate owned by Funk and could therefore acquire no lien upon the heater which became attached to the real estate.

■ On oral argument a question arose as to the sufficiency of the description of the real estate in the conditional sales contract, but that question was not raised below and has not been briefed by respondent. We do not, therefore, pass upon it in this proceeding.

■ Three points are presented in the application for a writ of error. We shall consider them in reverse order. The third point is sustained. It challenged the holding below that petitioner acquired no lien on the heater because it was a trespasser upon the premises of Funk. But little need be written on that question. No trespass was committed against respondent, and Funk is not a party to this suit seeking

damages for trespass. The question of trespass is not relevant.

■ The second point presents the contention that the evidence did not establish that the water heater had become a fixture to the real estate which passed to respondent by his deed from Funk. That point cannot be considered for the reason that it was first raised in petitioner's motion for rehearing in the Court of Civil Appeals. That was too late to be considered. Carroll v. Sartain, Tex.Civ.App., 164 S.W.2d 52, er. ref.; Southland Life Insurance Co. v. Barrett, Tex.Civ.App., 172 S.W.2d 997, er. ref.; Aycock v. Travis County, Tex. Civ.App., 255 S.W.2d 910, er. ref.

■ The remaining point calls for the construction of Article 5498, above quoted. That Article was enacted in 1917 at the next session of the Legislature following the decision in Phillips v. Newsome, Tex.Civ. App., 179 S.W. 1123. In that case it was held that, while the mortgagor and mortgagee could, as between themselves, validly contract that machinery will remain personalty after attachment to realty, a purchaser of realty to which the machinery had become attached was not charged with notice of a mortgage of the machinery filed as a chattel mortgage, since he was not required to search the chattel mortgage records. When the emergency clause of the Article is considered it is made clear that the Legislature intended to prevent like results thereafter. The emergency clause reads as follows:

"The fact that there is now no adequate law in Texas protecting the rights of the vendors of machinery sold for the purpose of being thereafter attached to the realty, and the further fact that the law as now declared by the courts with reference to this matter has created a state of confusion which is injurious to the business interests of this State, constitute an emergency * * *." Laws 1917, p. 362, § 3.

The expressed purpose of the Legislature was to protect vendors and not subsequent

purchasers. As noted in the case last above cited, no statute was required to protect a dealer who sells machinery susceptible of being attached to the realty as against the owner thereof. As between them a conditional sales contract executed before the chattel was attached fully protected the seller. The protection which it was sought to afford the merchant or seller was from subsequent purchasers or mortgagees of either the chattel or the realty to which it should be attached. To accomplish the objective of the statute it was made clear by its language that such a chattel should remain personal property as to the seller, if he complied with the terms prescribed therein, so long as any portion of the purchase price remained unpaid. The statute provides that the reservation of title or mortgage shall be executed by the purchaser or owner of the chattel, and that it shall be "superior to any lien or rights existing in any one to said real estate." It prescribes that the instrument retaining the lien must be registered in a separate book endorsed "chattel mortgage records on realty." And to afford a means whereby a subsequent purchaser might discover the existence of the encumbrance it is provided that "The record thereof shall in addition to the other requirements of this Act contain a brief description of said real estate to which said fixtures are to be attached."

It is respondent's theory, as we construe his argument, that by the language of the statute the registration of the lien on the chattel gave notice only "as if recorded at length in the deed records or records of mortgages upon realty"; that Sheaner was a stranger, so far as the record disclosed, to the title to the realty to which the heater was attached; that the record of a deed or mortgage by a stranger to the record title to real estate is not notice to a subsequent purchaser from the record owner, and that therefore the registration of a chattel mortgage in the name of Sheaner was not notice to him.

To our minds that conclusion gives practically no effect to the provision last above

quoted. No purpose would be served by providing for a separate book for liens of this nature and a brief description of the realty recorded along with the other provisions for the registration of chattel mortgages if its effect is not to charge purchasers with notice. It could hardly be concluded that the provision was placed in the statute merely to relieve a purchaser of realty of the trouble of inspecting a mortgage which the index revealed to have been executed by his vendor as a chattel mortgage and registered as a lien on machinery situated on realty. It seems clear that the statute negatives the idea that a prospective purchaser need consult only the index to determine whether the record owner of the realty has executed a lien on a chattel attached thereto. If he is required to do no more than consult the index, the brief description which accompanies the index is practically useless.

█ The language relied upon by respondent, namely, "the same as if recorded at length in the deed records," if taken literally, has no meaning at all. Petitioner's lien, being a chattel mortgage, could not be recorded at length in the real estate records. Respondent would have us construe that language to mean that the proper registration of a lien on a chattel which is executed by the only party authorized to execute the same affords no greater notice than a deed executed by a stranger to the title to realty. If it should be granted that that language is susceptible to that construction (which to us is doubtful), that is true only by enlarging its literal meaning by a liberal construction thereof. Courts will construe the language of a statute liberally to attain its true objective, but not to destroy or reduce its effectiveness.

Pursuing respondent's theory further, the argument is built upon the untenable ground that Sheaner was a stranger to the title. This suit is not to enforce a lien upon realty at all, but upon a chattel, and Sheaner is no stranger to that title. The mortgage was therefore not executed by a stranger to the

title, but by one in the direct chain of title and the one person authorized by the statute to execute the same.

It is suggested that the construction which respondent would give the statute does not nullify it, for the reason that the merchant who sells water heaters and similar merchandise may secure his lien by requiring the record owner of the realty to join in the mortgage. That requirement is nowhere to be found in the statute. The provision is that the purchaser or owner of the chattel shall execute the lien. Besides, we know of no rule of law which provides for one to sign a mortgage on property which he does not own to secure a debt for which he is not liable. The owner could do no more than endorse on the instrument his consent to its execution by the owner of the chattel, and the law does not provide for indexing the names of persons in that capacity. Further, that requirement would place the burden upon the merchant who sells fixtures of determining who is the record owner of the realty to which it may become attached. To do so he would be compelled to employ some competent person to examine the real estate records. The statute was designed to protect him and not to place that burden upon him.

This statute does not put an impossible burden upon a prospective purchaser. He is charged with notice of the existence of the record. A check of the record would disclose the existence of a mortgage affecting the title to the machinery attached to the realty which he is purchasing, and the fact that he might not know the name of the mortgagor might place a greater hardship upon him than merely to run the index, yet in our view the statute clearly places that obligation upon him, and it is our duty not to relieve him thereof. We believe that our construction of this very important statute carries out the expressed intention of the Legislature in its enactment.

The judgment of the trial court in favor of petitioner against Jack E. Sheaner will not be disturbed, but in all other respects the judgments of both courts below will be reversed, and the cause remanded to the trial court.

Undisturbed in part; reversed and remanded in part.

Dissenting opinion by Associate Justice WALKER, in which Associate Justices GARWOOD and NORVELL join.

WALKER, Justice (dissenting).

I am unable to agree with the views of the majority as to the construction and effect of Art. 5498.[1] It is entirely proper to charge a person with constructive notice of an instrument which would be disclosed by an examination of the records. But the intention to affect an otherwise innocent purchaser with notice of a mortgage which he could not be expected to find by a reasonable investigation of the records, should not be accorded to the Legislature unless the language of the statute is subject to no other construction. It is my opinion that the contrary intention is clearly revealed by the provisions of the statute now under consideration.

Article 6646[1] declares that the record of any deed or instrument in writing authorized or required to be recorded shall be notice to all persons of its existence, and contains no language indicating that the Legislature intended to except any instrument that is acknowledged and recorded as provided therein. It is well settled, however, that an otherwise innocent purchaser or lienholder is not charged with constructive notice of a recorded deed or mortgage executed by a stranger to the chain of title. Bryant v. Buckner, 67 Tex. 107, 2 S.W. 452; Brown v. Ackerman, Tex. Com.App., 17 S.W.2d 771. The rationale of this rule is that the only facilities provided by statute for finding recorded instruments pertinent to any particular title are the indices of grantors and grantees,

1. Vernon's Ann.Tex.Civ.Stat.

and a prospective purchaser or lienholder will have no reason to search for instruments executed by persons outside of the chain of title under which he claims. To charge one acquiring an interest in realty with notice of instruments executed by persons outside of the chain of title would impose upon him the duty of making a general search of every instrument filed for record without affording facilities therefor. See Patton on Land Titles, 2nd ed. 1957, Vol. 1, p. 230, Sec. 69.

This reasoning applies with equal force to the chattel mortgage records on realty, which are indexed in the clerk's office only in the names of the mortgagor and mortgagee. A lien instrument executed by a stranger to the real estate title cannot be found by a search of the indices based on recorded information. The requirement that the record contain a brief description of the real estate is not to afford a means whereby a purchaser might discover the existence of an encumbrance, but simply to enable him to determine *after he finds a mortgage* whether it affects the real estate in which he is interested. A description of the realty is of no assistance in *finding* the mortgage unless one uses a tract index. The clerk does not maintain such an index, and whether a local abstract company may have one cannot be regarded as material. A person acquiring an interest in land can be expected to investigate the records only with the aid of facilities that are available to all, and our rules of constructive notice should not be predicated upon the assumption that he has access to and will use the tract indices maintained by a private company.

It is argued that the above mentioned rule can have no application here because petitioner is attempting to enforce a lien on a chattel and Sheaner is no stranger to that title. This merely assumes that the majority is correct in its construction of the statute. Affidavits filed by both petitioner and respondent state that the heater was installed in the premises, which can only mean that the gas and hot and cold water pipes were connected thereto. We are thus concerned with the rights of the parties in an article attached to, and which apparently was a part of, the real estate. As between petitioner and Sheaner, and by virtue of their contract, the heater remained a chattel. But respondent in buying the premises was entitled to assume that the heater was part of the realty and would pass to him under his deed *unless he is charged with notice of petitioner's mortgage.*

The Legislature evidently realized that the facilities for searching the chattel mortgage records on realty would be no different from those available for investigating the deed and mortgage records, and decided that rules governing the efficacy of recorded deeds and mortgages as notice should be applied to chattel mortgages registered under the statute. It did not merely declare, as the majority opinion now holds, that the recorded mortgage shall be notice to all persons dealing with the chattel or realty, but added a significant qualification. The statute provides that the registration of the lien instrument shall be notice to all persons "the same as if recorded at length in the deed records or records of mortgages upon realty of the county where the real estate is situated." Since instruments covered by the statute are not to be recorded in the deed or mortgage records, I agree with the Court of Civil Appeals that the lawmakers must have meant that the registered mortgage would afford the same notice as a deed or mortgage on real estate when recorded at length in the appropriate record.

The majority holding places upon anyone dealing with real estate the burden of turning through the records page by page to see whether they contain an instrument describing the real estate in which he is interested. Even if the statute were silent on the matter, it would be difficult to believe that the Legislature intended to require a prospective purchaser of land to examine the real estate description in every chattel mortgage on realty filed in his county. The

majority seem to reason that we cannot be concerned with the burden which is thus placed upon the purchaser, because the Legislature wished to protect the chattel mortgagee at all costs. The emergency clause does indicate an intention to enact an *adequate* law, but this can only mean a law which would afford the mortgagee such protection as the Legislature thought he should have. It will be noted that the majority opinion and holding give no meaning or effect whatsoever to the language of the statute quoted above. To afford the mortgagee the protection which this Court thinks he should have, it has thus been necessary to strike out a portion of the statute which the Legislature regarded as adequate.

I would affirm the judgment of the Court of Civil Appeals.