## LEWIS et al. v. HARRIS et al.
### No. 2656.

Court of Civil Appeal of Texas. El Paso.
April 7, 1932.

Rehearing Denied April 21, 1932.

W. C. Jackson, of Fort Stockton, and Ridgway & Parkhurst, of McCamey, for appellants.

Kerr & Gayer, of San Angelo, and Brian Montague, of Del Rio, for appellee.

HIGGINS, J.

This is a suit by Tryon Lewis and others against the county judge and county commissioners of Upton county. The court sustained a general demurrer and special exceptions to the petition interposed by three of the commissioners. The plaintiffs declining to amend, the suit was dismissed, and the plaintiffs appeal. Briefly stated, the facts disclosed by the petition are as follows:

Plaintiffs are resident citizens, qualified voters, and taxpayers residing in commissioners' precinct No. 4, of Upton county. The defendants are the county judge and county commissioners of Upton county, composing the commissioners' court of said county. The suit is against them in their official capacities.

Upton county was organized May 19, 1910, and the county then divided into four commissioners' precincts as provided by law. At that time the various precincts were nearly equally populated. On August 10, 1920, the boundaries of the precincts were changed by the commissioners' court. At the present time the acreage, population, and taxable values of the four precincts are approximately as follows:

commissioners, which is a majority of the court, thereby giving to said 20 per cent. control of the commissioners' court and the other 80 per cent. of the population can and do elect one member of the commissioners' court.

At the time the county was redistricted in 1920, the majority of the people of the county lived in the town of Rankin, and the court, recognizing the fairness and justice of so dividing the county into commissioners' precincts as to equally divide the population in the various precincts, so divided the county that three of the commissioners' precincts extended into the town of Rankin and placed portions of the town in three different commissioners' precincts. When the county was organized, the towns of Rankin and McCamey did not exist. When the town of Rankin was built the county seat was moved to Rankin where the great majority of the population of the county then lived. It then became necessary, as it is now, in order to equalize the population of the commissioners' precincts, to redistrict the county, which was then done.

At the present time there are only two towns in the county, to wit, Rankin and McCamey. Rankin has a population of about 1,000, and, owing to the location of the present commissioners' precincts, Rankin can and does elect two commissioners; McCamey has a population of about 4,000, and can and does elect only one commissioner.

On May 11, 1931, Garner Adair and others, legal voters, residents, citizens and taxpayers of precinct No. 4, presented to the commissioners' court a petition for the redistricting of the county into commissioners' precincts, a copy of which petition is attached to and made a part of the petition. A majority of the commissioners' court rejected said petition and refused to redistrict the county into commissioners' precincts. A majority of the commissioners of the county intentionally and arbitrarily fail and refuse to redistrict the county into commissioners' pre-

| Precinct No. | Area | Population | Taxable Values | |
|---|---|---|---|---|
| 1 | 325—Section of land | 640 | Estimated | $1,000,000.00 |
| 2 | 216—Section of land | 500 | Estimated | 1,000,000.00 |
| 3 | 311—Section of land | 60 | Estimated | 2,000,000.00 |
| 4 | 320—Section of land | 5000 | Estimated | 5,000,000.00 |

As shown by said tabulation the population of the county is distributed about as follows: 11 per cent. in precinct No. 1; 8 per cent. in precinct No. 2; 1 per cent. in precinct No. 3; and 80 per cent. in precinct No. 4. The voting population, as shown by the poll tax receipts for the year 1930, is distributed as follows: 90 voters in No. 1; 63 voters in No. 2; 7 voters in No. 3; 1,224 voters in No. 4. As the commissioners' precincts are at present constituted, 20 per cent. of the population of the county can and does elect three of the

cincts and will continue to fail and refuse to so redistrict the county so as to nearer equalize the population in the various commissioners' precincts unless ordered, directed, and compelled to do so by the court. Under present conditions, the way the county is divided into commissioners' precincts is unjust, inequitable, unfair, illegal, and unsatisfactory. The commissioners' court of the county is deliberately and intentionally failing and refusing to redistrict the county into commissioners' precincts so as to more equi-

tably and equally divide the population, thereby failing and refusing to comply with section 18, article 5, of the Constitution and laws of this state. The failure and refusal so to do prevents the people living in commissioners'·precinct No. 4 from having a just, fair, and equitable representation upon the commissioners' court, the governing body of the county, and, "to that extent, the citizens and inhabitants of said Commissioners' Precincts are deliberately, arbitrarily and intentionally preventing such justness and fairness from being accomplished, and that unless they are by this court ordered, compelled and required to so change the Commissioners' Precincts of said Upton County so as to overcome the present situation as herein shown, they will continue to let the Commissioners' Precincts of said County remain as they are and continue to leave matters so that a small per cent of the population and voters of said Upton County will continue to elect and control three members of the Commissioners' Court of said County, and that at the present time the defendants herein and a majority of them, do not intend to change or try to change such conditions as herein set forth."

The prayer was for notice to show cause and citation to defendants, and that upon final hearing the peremptory writ of mandamus issue to the defendants and each of them as members of the commissioners' court of Upton county, compelling them to pass and have entered in the minutes of the commissioners' court of the county an order redistricting the county into commissioners' precincts, to be four in number, and so subdivide said county into such precincts as to more equitably, justly, and fairly create commissioners' precincts so that the same will more nearly equalize the population of the county in each of said precincts, and so that there shall not be in any one of the commissioners' precincts more than 40 per cent. of the total population of the county, and so as to as nearly as, practical adjust said precincts for the convenience of the inhabitants of the county, as provided in section 18, article 5, of the Constitution of this state, and for costs and general relief.

The petition which was presented to the commissioners' court by Adair and others, and referred to in the plaintiff's petition herein, calls to the attention of the court that under the present arrangement of commissioners' precincts the town of McCamey and precinct No. 4 have not the representation upon the court to which they are justly entitled by population and property valuations, and also calls attention to the provisions of section 18 of article 5 of the Constitution.

■Mandamus will not lie to control or review the action of an official or board upon matters involving the exercise of discretion or judgment confided to such official or board.　·  . .

■ Nor will the writ issue in a case of doubtful right. It lies only to compel the performance of a legal duty, and the right of the party to the relief sought must be clearly established.

These are fundamental rules in ·the law governing. mandamus proceedings and call for no citation of authority in support thereof.

The decisions in this state, and the great weight of authority in other jurisdictions, recognize an exception to the general rule that discretionary acts will not be reviewed or controlled exists when the discretion has been ,abused by arbitrary action. 38 C. J. 598, § 74, and cases cited; Sansom v. Mercer, 68 Tex. 488, 5 S. W. 62, 2 Am. St. Rep. 505; King v. Guerra (Tex. Civ. App.) 1 S.W.(2d) 373. Vanlandingham v. Hill, 47 S.W.(2d) 641, recently decided by this court.

The allegations contained in the petition would perhaps bring this case within the exception noted if the petition were otherwise sufficient. There is no statutory or constitutional provision imposing upon a commissioners' court the duty of rearranging the boundaries of the commissioners' precincts of the county upon the facts reflected by this petition. Appellants cite section 18, art. 5, of the State Constitution which, in substance, requires the division of the county "from time to time, for the convenience of the people, into precincts," and that the commissioners' precincts shall be four in number.

Disregarding legal conclusions stated therein, the petition here simply shows a state of facts which gives to the town of Rankin and precincts Nos. 1, 2, and 3 a power of control over the commissioners' court of the county out of proportion to their population, voting strength, and taxable values, thereby denying to the town of McCamey and precinct No. 4 the representation upon the court and power of control to which such town and precinct is justly entitled by the population, voting strength, and taxable values thereof.

■ As applied to different situations, the phrase "convenience of the people," as used in the Constitution, may have different meanings, but in our opinion it cannot properly be construed as imposing upon a commissioners' court the absolute duty of rearranging the boundaries of commissioners' precincts, from time to time, so as to accord to each precinct representation upon and power of control of the commissioners' court in proportion to their respective populations, voting strengths, and taxable valuations. This is what the present action seeks to compel. The location of cities and towns in certain counties is no doubt such that it cannot be conveniently done. From a political viewpoint it is desir-

able and just that the precincts should be so arranged, but in some instances it is doubtless not practical.

It is not alleged that a redivision of the county as sought is practical and convenient for the people. Plaintiffs simply base their demand upon population, voting strength, and taxable valuation. The present division is inconvenient in the sense only that the town of McCamey and precinct No. 4 have not the representation upon and control of the commissioners' court to which the plaintiffs say such town and precinct are justly entitled by the population, voting strength, and taxable valuation thereof.

There is no law imposing upon a commissioners' court the duty of rearranging the commissioners' precincts of a county upon such a basis, and the writ of mandamus will not lie to compel such action. The demurrers were properly sustained.

The authorities cited by appellants have all been considered. None of them support the view that the writ of mandamus will lie upon the present facts. It will serve no purpose to review those cases further than to say they are injunction suits. Injunction is an equitable remedy, preventive in its nature. Its issuance is governed by the broad principles of equity jurisprudence.

Mandamus is a common-law remedy. It is not an equitable one. 38 C. J. 543; 18 R. C. L. 88; Austin v. Cahill, 99 Tex. 172, 88 S. W. 542, 543, 89 S. W. 552; McMeans v. Finley, 88 Tex. 515, 32 S. W. 524.

Mandamus is to compel action and the performance of a pre-existing legal duty. High's Extraordinary Legal Remedies, § 7.

While its issuance is largely controlled by equitable principles (38 C. J. 543), nevertheless the fundamental rule controls that the writ lies only to compel the performance of a legal duty and will never issue in a case of doubtful right.

These are the considerations which distinguish and render inapplicable the cases cited by appellants.

Justice WALTHALL did not participate in the decision of this case.

Affirmed.