44⁵



# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

Overruled by C-439

June 16, 1952

Hon. Ernest Guinn
County Attorney
El Paso County
El Paso, Texas

Opinion No. V-1463

Re: Eligibility of a member of
a county board of school
trustees to continue to
serve when a commissioners'
court order changing the
boundaries of commission-
ers' precincts has placed
the trustee's residence
outside the precinct from
which he was elected.

Dear Sir:

We quote in substance from your letter
requesting an opinion of this office concerning the
following matter.

A person was elected a member on the
board of county school trustees at the elec-
tion in April, 1951, for a term of two years
beginning May 1, 1951. At the time he was
elected and took office, and at the present
time, he resided and now resides in voting
precinct No. 43 of El Paso County.

By an order of the commissioners' court,
dated December 17, 1951, the boundary between
commissioners' precincts Nos. 1 and 4 was
moved to the east so that voting precinct
43 was placed in commissioners' precinct No.
4.

At the time of his election, he was elect-
ed as the county trustee from commissioners'
precinct No. 1. By virtue of the commissioners'
court order, since December 17, 1951, his resi-
dence has not been in commissioners' precinct
No. 1 but in commissioners' precinct No. 4.

Question: Does the change of his resi-
dence occasioned by the change in commission-
ers' precinct boundaries by the commissioners'
court render him ineligible to serve as county

trustee from commissioners' precinct No. 1, and create a vacancy as to his office?

Article 2676, V.C.S., provides in part as follows:

"The general management and control of the public free schools and high schools in each county, unless otherwise provided by law shall be vested in five (5) county school trustees elected from the county, one of whom shall be elected from the county at large by the qualified voters of the common and consolidated independent school districts of the county, and one from each Commissioners' Precinct by the qualified voters of each Commissioners' Precinct, who shall hold office for a term of two years. . . . All vacancies shall be filled by the remaining trustees. . . ." (Emphasis added.)

Article 2677, V.C.S., which prescribes the qualifications of county school trustees, reads in part:

"The county school trustees shall be qualified voters of the precinct or county from which they are elected, and four of them shall reside in different commissioners precincts. . . ." (Emphasis added.)

By Section 18 of Article V, Constitution of Texas, the commissioners' court is vested with authority to change and re-establish "from time to time" county commissioners' precincts "for the convenience of the people." State v. Rigsby, 43 S.W. 271 (Tex. Civ. App. 1897, error ref., 43 S.W. 1101); Turner v. Allen, 254 S.W. 630 (Tex. Civ. App. 1923, error dism.); Ward v. Bond, 10 S.W.2d 590 (Tex. Civ. App. 1928); Lewis v. Harris, 48 S.W.2d 730 (Tex. Civ. App. 1932, error ref.); Att'y Gen. Report & Opinions, 1914-16, p. 740. As stated by the court in Turner v. Allen, supra, at page 636:

"It is clear from this provision of the Constitution that the county commissioners' court in Texas is given the power and authority to change and re-establish county commissioners' precincts at any time they may deem it to be for the convenience of the people

to do so, and, when such authority and power so conferred is exercised by that court, its action is not void. The action may be reviewed or corrected, when erroneously or wrongfully or improperly exercised, by a proper proceeding for that purpose, but such action . . . is not void, and cannot be attacked or impeached collaterally. . . ."

That a commissioners' court has authority to change precinct lines and redistrict the county, in whole or in part, although in doing so a justice of the peace is deprived of his office, is settled in State v. Rigsby, supra. This case was followed in the Allen case and Ward v. Bond, supra, where commissioners' precinct boundary changes were upheld which affected candidates for office on the commissioners' court. In the Rigsby case, the Court of Civil Appeals stated:

". . . The power to establish the precincts does not necessarily conflict with the provision fixing the terms of office. They must stand together. The office is taken subject to the power to change the boundaries of the precincts. This is no anomaly in our law. All county officers whose compensation is derived from perquisites, and therefore depends to some extent on the territory in which they exercise their functions, hold their offices subject to lawful power to alter that territory. While the office is property, it is held subject to the proper exercise of all such powers as these. There is no contract between the state and its officers which forbids such action. . . ."

Articles 2676 and 2677, supra, governing the election and qualifications of a county school trustee elected by the qualified voters of a commissioners' precinct, clearly contemplate that such a trustee shall reside within the commissioners' precinct that elected him. Att'y Gen. Op. O-2626 (1940). Under the facts submitted, the commissioners' court changed the boundaries of precinct No. 1 wherein the county trustee had his residence when elected to office, in such a manner as now the trustee resides in commissioners' precinct No. 4. This the commissioners' court had authority to do, as hereinabove demonstrated.

Accordingly, we agree with you that the commissioners' court order, which changed the boundaries of commissioners' precincts No. 1 and No. 4 so that the person elected from precinct No. 1 now resides in precinct No. 4 as re-established, had the effect of rendering him ineligible to serve as county trustee of precinct No. 1 wherein he does not now reside. The vacancy created by these circumstances may be filled in the manner prescribed in Article 2676, V.C.S.

## SUMMARY

The commissioners' court order, which changed the boundaries of commissioners' precinct Nos. 1 and 4 so that the person elected county trustee from precinct No. 1 now resides in precinct No. 4 as re-established, had the effect of rendering him ineligible to serve as county trustee of precinct No. 1 wherein he does not now reside. Art. V, Sec. 18, Tex. Const.; Arts. 2676, 2677. V.C.S.

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Mary K. Wall
Reviewing Assistant

By Chester E. Ollison
Chester E. Ollison
Assistant

Charles D. Mathews
First Assistant

CEO:mh