Harry E. Kain, Denison, for appellant.

Freels, Elliott & Nall, Sherman, G. H. Penland, Dallas, for appellees.

**O. W. TAYLOR, Appellant,**

**v.**

**MISSOURI–KANSAS–TEXAS RAILROAD COMPANY OF TEXAS et al.,**
**Appellees.**

No. 3383.

Court of Civil Appeals of Texas.

Waco.

Sept. 28, 1956.

McDONALD, Chief Justice.

This is a summary judgment case. Plaintiff Taylor, a former employee of the M-K-T Railway, brought this suit against the M-K-T Railway and the M-K-T Employees Hospital Association, and alleged that he went to work for the M-K-T Railway in 1907, and worked for them until September 1947, when the railway retired him on the advice of their surgeon that he had heart trouble; that plaintiff learned in 1948 that he did not have heart trouble and was able to work as before. Plaintiff filed this suit on *8 October 1954* for the amount of money he lost by being on retirement instead of at work for the railroad. Both

M-K-T Railway and M-K-T Hospital Association filed motion for summary judgment, alleging 1) that plaintiff's petition fails to set forth as a matter of law, a claim upon which relief can be granted, and 2) that plaintiff's petition shows on its face that any cause of action which plaintiff might have had is barred by the statute of limitations. The Trial Court, after hearing, granted summary judgment on the pleadings for both defendants on the ground that plaintiff's cause of action asserted in plaintiff's petition was barred by the statute of limitations and that defendants were entitled to judgment as a matter of law. From this judgment plaintiff appeals.

Plaintiff alleges in his original petition, his only pleading filed, that he was placed on retirement by the defendant Railroad in *1947* upon the advice of the defendant Hospital Association. He further alleged that thereafter, in two instances, one occurring in *1948* and no date being designated for the other, that he was advised that he did not have heart trouble, was not incapacitated and that he could return to work. From plaintiff's pleading he terminated his service with the railroad prior to *1948,* and although advised that he was not incapacitated and could return to work in 1948, he did nothing until *8 October 1954,* when he filed this suit for damages for "misrepresentations" made to him "to deprive * * (him) of his right to work."

Plaintiff's suit is one for damages and is governed by the two year statute of limitations, which prescribes the time to sue in "actions for debt where the indebtedness is not evidenced by a contract in writing", which statute also governs actions for fraud. See Article 5526, R.C.S. We think

that the statute of limitations began running against plaintiff's cause of action when he was advised in 1948 that he was not incapacitated to work for the railroad.

28 Tex.Jur. 153 declares that the rule is well settled, that in suits for relief against fraud and deceit the statute of limitations does not begin to run until the complainant has discovered the fraud, *or has learned facts sufficient to put a person of ordinary prudence on inquiry* which, if pursued, would have lead to discovery.

28 Tex.Jur. 158 declares that lack of knowledge of fraud does not preclude the running of the statute of limitations if the party against whom it is pleaded has failed to avail himself of means of information that would have lead to a discovery of his cause of action.

Plaintiff's pleadings showed on their face that his cause of action, if any, accrued in 1947; that he discovered, or should have discovered the true facts in 1948; and makes no endeavor to excuse his failure to institute suit or to take other action prior to 8 October 1954 when this suit was filed. Plaintiff is bound by his pleadings inasmuch as they affect his substantive rights. See Lynch v. Crockett Ind. Sch. Dist., Tex.Civ.App., 244 S.W.2d 564, 566 and cases there cited, and his petition discloses on its face that any cause of action which plaintiff might have had was barred by the statute of limitations.

We think the Trial Court was correct in granting defendants' motion for summary judgment. The judgment of the Trial Court is therefore affirmed.

HALE, J., not participating.