Bernard B. CARTER, Appellant,

v.

Walter G. RUSSELL and Arthur Glover,
Appellees.

No. 6663.

Court of Civil Appeals of Texas.

Amarillo.

March 18, 1957.

Wentworth T. Durant, Dallas, McCarthy, Rose & Haynes, Amarillo, for appellant.

Underwood, Wilson, Sutton, Heare & Boyce, Amarillo, H. A. Berry, Amarillo, of counsel, for appellees.

NORTHCUTT, Justice.

Bernard B. Carter, plaintiff below and appellant here, brought this action against appellees, Walter G. Russell and Arthur Glover, seeking to recover damages caused by the appellees' alleged breach of profes-

sional ethics and duty and deliberate fraud upon appellant. Walter G. Russell is a certified public accountant and for approximately ten years had prepared appellant's income tax returns. Both Russell and Glover are attorneys. Such returns were prepared from bank statements and some verbal information furnished by Mr. Carter. Appellant contended Russell failed to properly prepare his income tax returns for the years 1943 through 1948 inclusive and later disclosed false information concerning appellant's affairs to agents of the Bureau of Internal Revenue and because of such acts of Walter G. Russell the appellant was subjected to tax deficiencies and damage in the sum of $34,223.76 and civil fraud penalties in the amount of $19,917.73. Then appellant pleaded other damages caused by the acts of appellees and sought judgment for the total sum of $911,754.31.

Appellees answered specially excepting to appellant's original petition and all parts thereof because such petition showed upon its face that if appellant ever had any cause of action against appellees, or either of them, which was not admitted but denied, any such cause of action against them, or either of them, accrued more than two years prior to the filing of this suit and was barred by the Statute of Limitation of two years. The appellees filed their motion for summary judgment setting up that if appellant ever had a cause of action against appellees the same was barred by the Statute of Limitation.

There were numerous statements and affidavits filed in the case seeking to substantiate the claim of appellees that any cause of action for damage was barred by the Statute of Limitation. Upon presentation of this motion, the court granted judgment for the appellees and appellant perfected this appeal.

■ We are of the opinion that it is well established as the law of this state that where a cause of action is based upon fraud, and the fraud is known to the party complaining of such fraud or in the exercise

of reasonable diligence would have discovered the fraud, and he does not bring suit thereon until after two years have passed from the time he knew of such fraud or could have known of the same by the exercise of reasonable diligence, and the party accused of committing the fraud properly pleads the two year Statute of Limitation, the case is barred.

It is stated in the case of Pate v. Stevens, Tex.Civ.App., 257 S.W.2d 763, at page 771 (writ dismissed by the Supreme Court):

> "Summary judgment is the proceeding provided by Rule 166–A where, after a hearing, no issue of fact appears which should be submitted to a jury. Stated another way, if after such hearing the evidence is such that, on a trial on the merits before a jury a peremptory instruction for the movant would be necessary on the same facts presented, then the movant is entitled to the summary judgment. Arlington Heights Appliance Co. v. Gordon, Tex.Civ.App., 244 S.W.2d 337. Since the evidence affirmatively shows that there was probable cause for the statements made by appellees, and that they were not actuated by malice or any ulterior motive, and since there is no evidence to the contrary, there is no issue of fact raised on either of the two essential elements of malicious prosecution, and the summary judgment for appellees was proper."

■ We are of the opinion the proper rule is stated in the case of Small v. Lang, Tex.Civ.App., 239 S.W.2d 441, 442 (writ refused, N.R.E.), as follows:

> " * * * 'The weight of authority and the general view seem to be, * * * that summary judgment will lie and will only lie if the state of facts at the hearing of the motion would, if presented in a jury trial, entitle movant with all reasonable doubts resolved against him, to a peremptory instruction.' Ramsouer v. Midland Valley R. Co., 8 Cir., 135 F.2d 101; Toebelman

v. Missouri-Kansas Pipe Line Co., 3 Cir., 130 F.2d 1016; Sartor v. Arkansas Natural Gas Corp., 321 U.S. 620, 64 S.Ct. 724, 88 L.Ed. 967."

The sole question for us to determine herein is whether the appellant two years or more before filing this suit knew of the alleged fraud or by the exercise or reasonable diligence would have discovered such fraud. The Statute of Limitation does not begin to run in such cases until the party discovers or should in the exercise of reasonable diligence have discovered the fraud or the existence of his cause of action. It is not necessary for us to determine whether appellees were guilty of any fraud, concealment or misrepresentations and we express no view of the same. Neither is it necessary for us to determine why appellant was subjected to the tax deficiences and penalties as pleaded by him and neither do we express any view of the same.

 This suit was filed October 14, 1954. Some time in the latter part of 1948 or the first part of 1949 appellant received through the mail, probably by error, what is designated as "Confidential Report" but shows to have been addressed to Mr. B. W. Wilde, Internal Revenue Agent in Charge, 1200 Tower Petroleum Building, Dallas, Texas, and appellant read the same and knew that it stated therein:

"The investigation of the taxpayer was initiated by the undersigned examining officer in July of 1947. Mr. Carter's income tax returns for the years 1940 to 1947, inclusive, were prepared by Mr. Walter H. Russell of Amarillo, Texas, a certified public accountant and attorney at law. At the beginning of the preliminary investigation, Mr. Russell advised the examining officer that he had heard that the taxpayer had boasted about not having paid income tax on all his income, and that the income was used to by land.

Mr. Russell had prepared the taxpayers returns from bank statements and the monies used to buy land was proceeds from grain sold that had not passed through the taxpayers bank account."

Appellant asked Mr. Russell about this but stated Mr. Russell denied the same. Appellant acknowledged he removed his papers from the office of Russell and Glover in August or September 1951 and never used them thereafter and acknowledged, "There were some people that convinced me that Russell was the man that had turned me in to the Internal Revenue people." He also acknowledged at that time "I got to believing it." Taking the depositions or evidence of the appellant alone is conclusive of the fact that if there were any acts of fraud, concealment and misrepresentation on the part of the appellees, the appellant was aware of that fact over two years before filing of this suit; but if it be conceded that he did not have actual knowledge of all the things he now complains of, he certainly had such information, according to his own statements and admissions that in the exercise of reasonable diligence he could have discovered the existence of all the facts complained of by him, if in fact they did exist. Appellant's statements are binding upon him; Massey v. Lewis, Tex.Civ.App., 281 S.W.2d 471, at page 476:

"* * * These statements are binding upon appellants and they will not be heard now to dispute them. In the case of Kimmell v. Tipton, Tex. Civ.App., 142 S.W.2d 421, 428, it is said:

" 'In Southern Surety Co. v. Inabnit, Tex.Civ.App. Eastland, 1 S.W.2d 412, 415, this Court in an opinion by Judge Hickman stated the rule with reference to the testimony of and admissions by a party to a suit as follows: "The testimony of a party to a suit and admissions made by him must be construed as binding upon him, and not merely as raising issues of fact. His testimony is governed by different rules to those governing witnesses who are not parties. (Citing cases.) " ' * * *"

We are of the opinion, under this record, that there are no disputed issues as to material facts which should be determined upon a hearing of the case on its merits since it is conclusively shown, as above stated, the case should be held to have been barred by the Statute of Limitation. Judgment of the trial court affirmed.