Charles ZAPFFE, Appellant,

v.

Walter B. McELROY, Jr., et al., Appellees.

No. 16097.

Court of Civil Appeals of Texas.

Dallas.

Jan. 18, 1963.

Brown & Elliott, Frank Brown, Dallas, for appellant.

R. L. McSpedden, Dallas, for appellees.

WILLIAMS, Justice.

Summary judgment proceeding. Rule 166–A, Texas Rules of Civil Procedure. Charles Zapffe brought this action in the district court against Walter B. McElroy, Jr., Walter B. McElroy, Sr., and Whitney-Merrill Corporation, alleging that he was induced to enter into a partnership arrangement with Walter B. McElroy, Jr., and Walter B. McElroy, Sr., by the making

of certain fraudulent verbal representations and relied upon by plaintiff. Plaintiff alleged that as a result of such fraudulent representations he was caused to invest a total of $12,005.52 in such partnership venture, such amount being claimed by him to be liquidated damages, and the additional sum of $2,500.00 was sought as exemplary damages.

Both McElroy, Jr., and McElroy, Sr., answered asserting the specific defense of the Statute of Limitations and, in addition thereto, McElroy, Sr., filed a sworn answer denying the partnership agreement. The defendant Whitney-Merrill Corporation filed a general denial and it is undisputed in this record that any liability as to this defendant is derivative through Walter McElroy, Jr.

All defendants filed motions for summary judgment, same being supported by affidavits raising the defense of Statute of Limitations and also release of partnership obligation executed by plaintiff on September 6, 1960. Plaintiff answered said motions for summary judgment, claiming that the release of September 6, 1960 was entered into through misrepresentations and therefore not binding upon him. Upon hearing the motions for summary judgment the trial court sustained same, denying plaintiff any recovery and it is from this judgment that this appeal is brought to this court.

Although appellant presents four points of error he admits in his brief: "only one basic question is presented to this court: under the pleadings and the evidence was there a bona fide dispute as to material facts?" We shall, therefore, consider appellant's points in the light of the sole question presented—was there an issue of fact presented to the trial court.

Certain rules have been firmly established to govern disposition of appeals from summary judgments. Summary judgment disposing of the entire action upon the merits is proper when, but only when, the trial court, on motion therefor, is satisfied that there is no genuine issue as to

any material fact and that the moving party is entitled to a judgment as a matter of law. Drake v. First National Bank, Mercedes, Tex.Civ.App., 254 S.W.2d 230; O'Quinn v. Scott, Tex.Civ.App., 251 S.W.2d 168. A defendant moving for summary judgment on the whole case assumes the negative burden of showing that as a matter of law the plaintiff has no cause of action against him. Neigut v. McFadden, Tex.Civ.App., 257 S.W.2d 864; Pattison v. Highway Insurance Underwriters, Tex.Civ.App., 292 S.W.2d 694. A defendant's motion may be proper upon a showing that the claim is barred by an affirmative defense, such as limitations. McDonald, Texas Civil Practice, Vol. 4, Section 17.26.1, 1962 Supplement and cases cited under note 21; Carter v. Walter G. Russell, et al., Tex.Civ.App., 300 S.W.2d 673; Taylor v. Missouri-Kansas-Texas Railroad, Tex.Civ.App., 294 S.W.2d 167; Lacy v. Carson Manor Hotel, Inc., et al., Tex.Civ.App., 297 S.W.2d 367.

■ Governed by these well established rules we have carefully reviewed the entire record in this case and have reached the conclusion that appellant's cause of action is shown to have been barred by the statute of limitations and that, accordingly, the action of the trial court in granting summary judgment was proper.

The facts are undisputed. Appellant claimed that the alleged fraudulent representations resulted in his action in entering into the partnership agreement on April 15, 1958. In his petition he says that he "failed to discover that said statements, and representations on behalf of said defendants were untrue and totally false until the latter part of 1959". The two years statute of limitations, Art. 5526, Vernon's Ann.Civ.St. was specifically pled as an affirmative defense. In support of motions for summary judgment affidavit of Waller M. Collie, Jr., attorney, contains testimony to the effect that on September 16, 1959, all of the matters concerning the partnership venture (including all the pleaded grounds of fraud) were discussed and revealed in conversations with Zapffe, McElroy, Jr., and Donald Yarborough, who was then Zapffe's attorney. Zapffe, in his answer to the motions for summary judgment, does not deny these facts. It is further undisputed that appellant's suit was not instituted until October 23, 1961, more than two years after the date that he became aware of the alleged fraudulent misrepresentations. Thus, as a matter of law, appellant's suit was barred by the two year statute of limitations .

■ Appellant makes no effort to controvert these facts, but does attempt to evade the effect thereof by contending that in this case, and under these facts, the four year statute of limitations, Art. 5527 (3), V.A.C.S., is applicable rather than Art. 5526, V.A.C.S., as contended by appellees. We are unable to agree with appellant.

Art. 5527, V.A.C.S. provides that "[a]ctions by one partner against his co-partner for a settlement of the partnership accounts * * *." shall be commenced and prosecuted within four years after the cause of action shall have accrued. This statute is not applicable here for the simple reason that appellant's cause of action is not one for partnership accounting nor a settlement of partnership accounts, as contemplated by Art. 5527, V.A.C.S., but as stated above, is obviously an action to recover liquidated damages, as well as exemplary damages flowing from an alleged fraud perpetrated on appellant by appellees. Appellant, in effect, seeks to rescind the alleged partnership arrangement, contending same never legally came into being due to fraudulent representations. Art. 5526, V.A.C.S., is applicable to suits based on fraud. Pelton v. Trico Oil Company, et al., Tex.Civ.App., 167 S.W.2d 625; Taylor v. Missouri-Kansas-Texas Railroad Company, Tex.Civ.App., 294 S.W.2d 167; Carter v. Walter G. Russell, et al., Tex.Civ.App., 300 S.W.2d 673; White v. Bond, Tex.Sup.Ct., 362 S.W.2d 295.

**302**

Art. 5526, V.A.C.S., is the correct statute of limitations applicable and therefore the suit not being instituted within two years after the alleged fraud was made known to appellant, same is barred by the provisions of such statute.

In view of our disposition of this case we deem it unnecessary to discuss the question of release of the partnership agreement.

The judgment of the trial court is affirmed.