**Dan HATTER et al., Appellants,**

**v.**

**John WORST et al., Appellees.**

**No. 7447.**

*Court of Civil Appeals of Texas.*

Amarillo.

March 22, 1965.

Rehearing Denied April 26, 1965.

C. D. Bourne, Jr., Dumas, for appellants.

Eli Willis; Lovell & Lyle, Dumas, for appellees.

DENTON, Chief Justice.

Appellant Dan Hatter and fourteen other resident citizen taxpayers and voters in Precinct One of Moore County, Texas, brought suit against the County Judge and

the members of the Commissioners Court of that county seeking a judgment to reapportion or redistrict the county commissioners precincts. Hatter, the duly elected commissioner of Precinct One, finds himself in the dual capacity of both plaintiff and defendant. Upon motion by the defendants below, the trial court rendered a summary judgment denying all relief sought by the plaintiffs.

Appellants seek to have Moore County's four commissioners precincts reapportioned on the basis of "substantial numerical equality." They alleged Precinct One contains more than seventy-five per cent of the population of the county while the remaining three commissioners precincts contain less than twenty-five per cent of the county's population. It is asserted repeated efforts had been made to obtain a reapportionment, but the Commissioners Court "unjustly, unfairly, and arbitrarily failed and refused to reapportion the county into four nearly equal precincts based on population or any other basis more equal or equitable than the existing apportionment." It is further alleged the plaintiffs below have exhausted all administrative remedies to secure the relief sought.

The defendants timely filed a motion for summary judgment to which was attached an affidavit of their attorney asserting there was no material issue of fact and that the administrative remedy available had not been invoked or exhausted. This affidavit quotes from the Commissioners Court's minutes to the effect that on three occasions appellant John White and other named citizens appeared before the Commissioners Court to discuss redistricting. On one occasion the court was asked to advise the citizens the number of signatures that would be required on a petition for the court to take action. The court took no action on the request. On another occasion Hatter made a motion that one man from each precinct be appointed to "explore the possibility of redistricting Moore County in a fair and equal way." The motion received no second. Hatter made

the same motion at a subsequent Commissioners Court meeting but it received no second. On March 11, 1963, Hatter "made a motion that the court recess for the purposes of him and ten other men filing a redistricting suit against the Commissioners Court * * * on the basis of the numerical inequality, unfair representation, and on the basis that his motions are not heard or considered." After some discussion this motion received no second. By supplemental motion and affidavit appellees stated an additional meeting was held where the question of redistricting was mentioned. On March 12, 1963, the Commissioners Court's minutes show Hatter "made a motion that the county be redistricted. There was no second to his motion, but some discussion was had concerning the problem of redistricting." Plaintiffs below filed an unverified answer to the motion for summary judgment, but filed no opposing affidavit.

This failure to file opposing or counter affidavits is not necessarily fatal. Summary judgments are not granted by default but upon the movant's discharge of his burden to show the absence of material fact issues. If the movant's motion for summary judgment and affidavits present only a question of law there is no necessity to file a counter affidavit. Couey v. Arrow Coach Lines, (Tex.Civ.App.), 288 S.W.2d 192. By the same token, if the movant's pleadings or affidavits indicate a fact issue does exist there is no basis for a summary judgment even though there is no counter affidavit. Under such circumstances the opposing party may rely on the pleadings and affidavits in the record even though he has filed no counter affidavit. Freeberg v. Securities Investment Co. of St. Louis, (Tex.Civ.App.), 331 S.W.2d 825, (Error Refused). In passing upon a motion for summary judgment all doubts as to the existence of a fact issue of material fact must be resolved against the moving party and the opposite party is entitled to the benefit of any reasonable inference which can be drawn in his favor.

Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929.

■■■ The summary judgment was granted solely on the ground "the plaintiffs had failed to exhaust their administrative remedy." The commissioners courts of the various counties are the only bodies with the authority to divide or redivide commissioners precincts. Art. 5, Section 18 of the Texas Constitution, Vernon's Ann.St. provides in part:　.

"Sec. 18. Each organized county in the State now or hereafter existing, *shall be divided from time to time, for the convenience of the people, into precincts,* not less than four and not more than eight. Divisions shall be made by the Commissioners Court provided for by this Constitution. In each such precinct there shall be elected one Justice of the Peace and one Constable, each of whom shall hold his office for four years and until his successor shall be elected and qualified; provided that in any precinct in which there may be a city of 8,000 or more inhabitants, there shall be elected two Justices of the Peace. *Each county shall in like manner be divided into four commissioners precincts in each of which there shall be elected by the qualified voters thereof one County Commissioner,* who shall hold his office for four years and until his successor shall be elected and qualified. The County Commissioners so chosen, with the County Judge as presiding officer, shall compose the County Commissioners Court." (Emphasis Added)

Under this record there is considerable doubt as to whether appellants exhausted their administrative remedy. We are not prepared to hold as a matter of law that they failed to do so. Appellees' affidavits recite among other things that appellant Hatter "made the motion that the county be redistricted." Appellees take the position this was in fact no motion in that it contained no guide lines upon which the

Commissioners Court could act. From this record it can not be ascertained whether the minutes reflect the exact language of Hatter's various motions on the subject of redistricting. The clerk may have paraphrased the motions and the other proceedings referred to. Whether or not this be so, we do not believe a prerequisite to exhausting an administrative remedy requires a detailed redistricting plan be included in an initial motion. A division of the county into four commissioners precincts "from time to time, for the convenience of the people" is not and can not be an exact process whether it be based on population, property valuations, geographical area, or a combination of these factors. Neither the Constitution nor statutes specifically provide redress for qualified citizens who seek a redivision of their county's commissioners precincts. It has been held a writ of mandamus is not available to compel redistricting of commissioners precincts for the reason there is no statutory or Constitutional provision imposing upon a commissioners court the duty of rearranging the boundaries of the commissioners precincts. Lewis v. Harris, (Tex.Civ.App.), 48 S.W. 2d 730, (Error Refused). However, mandamus is an extraordinary remedy and will not lie to control actions of officials upon matters involving exercise of discretion or judgment. Lewis v. Harris, Supra. A writ of mandamus was not sought in the instant case. In discussing a similar question the San Antonio Court of Civil Appeals in Dubose v. Woods, 162 S.W. 3, held:

"* * * we have no power, nor has the district court, to make the districts, as the commissioners' court has a discretion in the matter which will not be interfered with by the courts when exercised in a reasonable and fair manner. But until the division of the county into precincts is accomplished in a reasonably fair and just manner, with due regard to the convenience of the people, the courts will not hesitate to grant relief."

Even though the commissioners court is under no absolute duty to rearrange the boundaries of commissioners precincts from time to time for the convenience of the people, we can not say as a matter of law qualified citizens have no remedy under proper circumstances. Under this record various motions concerning the redistricting of commissioners precincts were made by appellant Hatter. None of the motions received a second and no action was taken on the several requests made by citizens. In the light of these admitted facts it is difficult to see how appellant Hatter or the other interested citizens could have proceeded in any other manner. We are of the opinion and so hold, the pleadings, motions, and affidavits do raise a material fact issue as to whether or not plaintiffs below did exhaust their remedy so as to confer jurisdiction on the trial court.

■ Even though we be mistaken in the view the record raises a material issue of fact, we believe the trial court erred in rendering a summary judgment in the state of this record. As stated the summary judgment was based solely upon the ground the plaintiffs below had failed to exhaust their administrative remedy. The so-called doctrine of exhaustion of administrative remedies applies only to administrative agencies, and then only where there are statutory requirements therefor. 1 Tex. Juris.2d, Administrative Law, Section 37, and cases therein cited. The Constitution and statutes give the citizens seeking the redivision of commissioners precincts no administrative remedy whatsoever. It is firmly established that a summary judgment is proper not only when there is no issue as to any material fact but the movant must be entitled to a judgment as a matter of law. Zapffe v. McElroy, (Tex.Civ.App.), 364 S.W.2d 299; Drake v. First National Bank, Mercedes, (Tex.Civ.App.), 254 S.W.2d 230. We therefore conclude the defendants below, the movants, were not entitled to judgment as a matter of law where such judgment was based on the ground the opposing party had not exhausted their administrative remedy.

The judgment of the trial court is reversed and the cause is remanded for a hearing on the merits.