J. Lloyd WOODS, Appellant,

v.

SOUTHWEST TITLE INSURANCE COMPANY, Appellee.

No. 7932.

Court of Civil Appeals of Texas.

Texarkana.

May 6, 1969.

Rehearing Denied June 3, 1969.

Joe Jackson, Long, Strong, Jackson & Strong, Carthage, for appellant.

Tom Bankhead, Bankhead & Davis, Carthage, for appellee.

DAVIS, Justice.

Plaintiff-appellant, J. Lloyd Woods, sued defendant-appellee, Southwest Title Insurance Company, on an owner's title policy of insurance for damages to a 130.437 acres of land. Appellant alleged that he had purchased the land from G. W. Massey on August 8, 1967; that appellee issued its owner's title policy of insurance effective August 11, 1967 insuring the appellant against loss resulting from failure of plaintiff's title.

Appellant alleged that after he had acquired the title to the land that Gross & Janes Company claimed the growing timber on said land under a timber deed dated January 3, 1967, filed for record on February 8, 1967, recorded in Vol. 494, page 716, Deed Records of Panola County, Texas.

The timber deed alleged by appellee contains the following notation:

"The timber herein conveyed being the same as conveyed to Grantor by Timber Deed dated January 3, 1967, from G. W. Massey to Darnell Lumber Company."

Appellant alleged that he purchased the land without any notice of the timber deed and that appellee who owned an abstract plant in Carthage, Panola County, Texas, was guilty of negligence and issued a false certificate of title.

Appellant alleged that he discovered the timber cut off the land soon after the signing of the warranty deed and notified appellee of his damages and that appellee refused to take any action. Hence this suit was filed.

Appellee filed a plea in abatement in which it alleged that Sabine Valley Savings & Loan Association held a valid lien on the land and was a necessary and indispensable party to the suit. It also filed some special exceptions. Appellee also filed a motion for summary judgment. Neither the plea in abatement nor the special exceptions were submitted to the trial court for his action prior to the time he granted the motion for summary judgment in favor of appellee. If the lien holder is a necessary and indispensable party to this suit, the trial court was in error in granting a motion for summary judgment without taking any action on the plea in abatement. We also think that he should have acted on the special exceptions before granting the summary judgment.

Appellant has perfected his appeal and brings forward six points of error. By the points appellant contends that the trial court erred in rendering summary judgment because appellant had sustained a loss as a result of a matter not expressly excepted in the title policy; appellant had sustained a loss as a result of an adverse claim asserted against his title; appellant was an innocent purchaser for value without knowledge of any timber sale; appellant's loss was committed by a stranger to the record title; and, the loss was the result of the act of a trespasser. Appellant argues in his brief that the errors show a genuine issue as to material facts.

Appellee verified his motion for summary judgment. Appellant did not verify his answer thereto. A failure to file opposing or counter affidavits to motions for summary judgment is not necessarily fatal. Hatter v. Worst, Tex.Civ.App., 1965, 390 S.W.2d 293, W.R., N.R.E.; First Banker's Insurance Company v. O'Hair, Tex.Civ.App., 1967, 417 S.W.2d 654, N.W. H.

In appellee's motion for summary judgment, he alleged the provisions of the insurance policy, the warranty deed and the timber deed from Darnell Lumber Company to Gross & Janes Company. In the timber deed the notice of a deed from G. W. Massey to Darnell Lumber Company is recited. In appellee's motion for summary judgment, the pleadings indicate that a material issue of fact does exist as to the liability of the appellee under the title insurance policy and that notice of the timber deed is shown therein. Under this state of facts, the appellee was not entitled to a summary judgment. Hatter v. Worst, supra.

We must strictly construe the title policy of insurance. Without setting out the exceptions in the policy, and the action of the appellee as alleged in the case, there is at least a question of fact as to its liability. We think the case of Shaver v. National Title and Abstract Company, Tex., 1962, 361 S.W.2d 867, 98 A.L.R.2d 531, would force us to hold that the appellee is liable for the timber cut from the tract of land without any notice to appellant at or prior to the time of the purchase. In the Shaver case, the insurance company was held liable for loss due to the existence of a pipe line across the property insured, regardless of exceptions. The points of error are sustained.

The judgment of the trial court is reversed and the case is remanded.