SOUTHWEST TITLE INSURANCE COM-
PANY, Petitioner,

v.

J. Lloyd WOODS, Respondent.

No. B–1663.

Supreme Court of Texas.

Jan. 21, 1970.

Rehearing Denied Feb. 11, 1970.

Bankhead & Davis, Tom Bankhead, Carthage, for petitioner.

J. E. Jackson, Carthage, for respondent.

WALKER, Justice.

This is a suit on an owner's policy of title insurance. We hold that the insurance company is not, under the facts of the case, liable for damage done to the land by a trespasser under claim of right that would be valid and enforceable if the insured were not a bona fide purchaser for value.

J. Lloyd Woods, plaintiff, purchased a tract of 130.437 acres in Panola County from G. W. Massey. The transaction was consummated by delivery of the deed and payment of the purchase price on August

8, 1967. Southwest Title Insurance Company, defendant, issued an owner's policy of title insurance in favor of plaintiff. The policy, which was effective August 11, 1967, guarantees that "the assured has good and indefeasible title" to the 130.437 acres, subject to certain exceptions that are not material here.

About two weeks after plaintiff acquired title, he found Gross & Janes Company cutting timber on the land. He then learned for the first time that by deed dated January 3, 1967, Darnell Lumber Company had purported to convey to Gross & Janes certain timber growing on the property. This conveyance, which was filed for record in Panola County on February 8, 1967, recites that the timber conveyed thereby is "the same as conveyed to Grantor by Timber Deed dated January 3, 1967, from G. W. Massey to Darnell Lumber Company." There is no conveyance from Massey to Darnell Lumber Company on record, and plaintiff's pleadings and deposition testimony show conclusively that he had no knowledge of any deed from Massey to Darnell or from the latter to Gross & Janes when he acquired the land. Prior to his purchase of the property, plaintiff inspected the land and found no one in actual possession and no evidence of any recent timber operations. Upon learning that plaintiff had acquired the property, Gross & Janes discontinued its operations on the land and has not cut any timber thereon since that time.

Plaintiff brought this suit against defendant, alleging that the latter is liable under the terms of its policy for the damage done to the land by Gross & Janes. He prayed for recovery of his damage in the amount of $3,260.92 plus statutory penalty and attorney's fee. All of the damage was done after plaintiff acquired the land. He sued on the policy and did not attempt to allege a cause of action based on negligence or the issuance of a false certificate of title. The trial court rendered summary judgment for defendant, but the Court of Civil Appeals reversed this judgment and remanded the cause to the trial court. 441 S.W.2d 668. We reverse the judgment of the Court of Civil Appeals and affirm that of the trial court.

A party is not charged with constructive notice of a recorded instrument which is not in his chain of title. The conveyance from Darnell Lumber Company to Gross & Janes is not connected in any way with the title under which plaintiff claims, because the deed from Massey to Darnell is not on record. Plaintiff is not charged with constructive knowledge of either instrument. Brown v. Ackerman, Tex.Com.App., 17 S.W.2d 771. See also Breen v. Morehead, 104 Tex. 254, 136 S.W. 1047; White v. McGregor, 92 Tex. 556, 50 S.W. 564; Bryant v. Buckner, 67 Tex. 107, 2 S.W. 452. Having purchased and paid value for the land without actual or constructive knowledge of either conveyance, plaintiff took the property free and clear of any rights or claims that Gross & Janes might otherwise have been entitled to assert. The two timber deeds did not, therefore, prevent plaintiff's having "good and indefeasible title" as guaranteed by his title insurance policy.

Plaintiff insists that the policy also insured him against loss on any claim against or right to said land adverse to the title guaranteed. The policy provision upon which he relies reads as follows:

"* * * and shall, except as hereinafter stated, at its own cost defend said assured in every suit or proceeding on any claim against or right to said land, or any part thereof, adverse to the title as hereby guaranteed * * *"

The quoted provision by its terms deals with the insurer's obligation to defend the assured in legal proceedings. It may also impose a duty in some instances to prosecute a suit against one claiming adversely to the title insured. See Lawyers Title Ins. Corp. v. McKee, Tex.Civ.App., 354 S.W.2d 401 (no writ). There is no contention here, however, that defendant defaulted in any obligation to institute or de-

fend a legal proceeding. The policy does not, either expressly or by implication, purport to insure against damage done to the land by a trespasser under the circumstances of this case. If plaintiff has a cause of action for recovery of the damage, it is against Gross & Janes.

Defendant filed special exceptions in the trial court and also a plea in abatement alleging that Sabine Valley Savings & Loan Association held a lien on the land and was a necessary and indispensable party to the suit. The Court of Civil Appeals observed in passing: (1) that the trial court should have acted on the special exceptions before granting the summary judgment; and (2) that if the lienholder was a necessary and indispensable party, the trial court erred in granting the summary judgment without acting on the plea in abatement. Neither party raised any of these questions in the Court of Civil Appeals. For our purposes here, it is sufficient to say that the lienholder was not so indispensable a party that the trial court was powerless to render an effective judgment in its absence.

The judgment of the Court of Civil Appeals is reversed and that of the trial court is affirmed.