

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-19-00063-CV

_____


REVERSE MORTGAGE FUNDING, LLC, Appellant

V.

CARLA NAGLE BLEVINS ROBERTSON, Appellee


On Appeal from the 115th District Court
Marion County, Texas
Trial Court No. 1900039



Before Morriss, C.J., Burgess and Stevens, JJ.
Opinion by Justice Burgess

# O P I N I O N

The trial court entered a default judgment against Reverse Mortgage Funding, LLC (RMF), after it failed to timely answer a lawsuit filed against it by Carla Nagle Blevins Robertson. RMF filed a motion for new trial that was overruled by operation of law. RMF appeals. Because we find that RMF failed to establish a prima facie meritorious defense to Robertson's lawsuit, we affirm the trial court's judgment.

## I.    Factual and Procedural Background

In 1995, Richard R. Nagle executed a will in which he left his "real property located at 1201 Pinehill Drive" in Jefferson to his wife, Katie Maurine Nagle, "to be used, occupied and enjoyed by her for and during her natural life." According to the will, this property was to vest in Nagle's daughters, Carla (Blevins) Robertson and Julie Hamm, on Katie's death. In 2008, following Nagle's death in 2005, Katie entered into a reverse mortgage loan agreement in the amount of $131,250.00 with the predecessor in interest to RMF,[1] secured by a deed of trust on the real property and improvements located at 1201 Pine Hill Drive in Jefferson, Marion County, Texas (the Property).

In a suit to quiet title to the Property filed on March 19, 2019, Robertson alleged that Katie's life estate in the Property terminated when she died in March 2019. Robertson claimed that because Katie only owned a life estate in the Property, she lacked authority to enter into the

---

[1]The deed of trust was executed in favor of James B. Nutter & Company and was assigned to RMF on March 1, 2018. The initial deed of trust granted James B. Nutter & Co. a lien on the Property to secure payment of the note. Katie executed a second deed of trust, granting a lien on the Property to the Secretary of Housing and Urban Development to secure payment on the note. Both deeds were executed on November 12, 2008, and both were filed for record in the real property records of Marion County, Texas.

reverse mortgage loan agreement. When RMF did not timely answer the lawsuit, the trial court

entered a default judgment in favor of Robertson finding that

> Robertson is the owner in fee simple of the house and lot(s) located at 1201 Pinehill
> Drive . . . by virtue of the testate passage of same from her father, Richard R. Nagle,
> to her and her now deceased sister in a will probated in Marion County, Texas[,]
> on November 14, 2005[,] and recorded in Volume J-3 Page 144 et seq in probate
> Cause Number P006038.

The trial court further determined that "Katie Maurine Nagle acquired no ownership interest in

said property and only acquired a life estate in said property which terminated on her death" and

that the deeds of trust dated November 12, 2008, "are void and shall be released since the

'borrower' in said documents was Katie Maurine Nagle who was not 'lawfully seised' of the

property as covenanted in the deeds of trust." On May 6, 2019, RMF filed a motion for new trial

that was overruled by operation of law.[2] *See* TEX. R. CIV. P. 329b(c).

## II.     Analysis

We review the trial court's denial of a motion for new trial for an abuse of discretion.

*Action Powersports, Inc. v. 1STEL, Inc.*, 500 S.W.3d 632, 639 (Tex. App.—Texarkana 2016, no

pet.) (citing *Director, State Employees Workers' Compensation Div. v. Evans*, 889 S.W.2d 266,

268 (Tex.1994)). Following the entry of a default judgment, the defaulting party is entitled to a

new trial when

> (1) the failure of the defendant to answer before judgment was not intentional, or
> the result of conscious indifference on his part, but was due to a mistake or an
> accident; provided (2) the motion for a new trial sets up a meritorious defense; and
> (3) is filed at a time when the granting thereof will occasion no delay or otherwise
> work an injury to the plaintiff.

---

[2]The trial court held a hearing on the motion for new trial on May 30, 2019. At the conclusion of the hearing, the trial
court announced its intention to deny the motion for new trial, but it did not enter a written order.

*Bank One, Tex., N.A. v. Moody*, 830 S.W.2d 81, 82–83 (Tex. 1992) (citing *Craddock v. Sunshine Bus Lines*, 133 S.W.2d 124, 126 (Tex. 1939)).  It is undisputed that RMF's failure to answer was not intentional and that the granting of a motion for new trial would not have occasioned delay or otherwise worked an injury to Robertson.  The dispositive question is whether RMF set up a meritorious defense.

To determine if RMF set up a meritorious defense, we look to the facts alleged in RMF's motion and supporting affidavit, regardless of whether those facts are controverted.  *See Dir., State Employees Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 270 (Tex. 1994).  "The motion must allege facts which in law would constitute a defense to the cause of action asserted by the plaintiff and must be supported by affidavits or other evidence proving prima facie that the defendant has such meritorious defense."  *Estate of Pollack v. McMurrey*, 858 S.W.2d 388, 392 (Tex. 1993) (quoting *Ivy v. Carrell*, 407 S.W.2d 212, 214 (Tex. 1966)).  If proven, a meritorious defense would cause a different—although not necessarily opposite—result on retrial.  *Comanche Nation v. Fox*, 128 S.W.3d 745, 751 (Tex. App.—Austin 2004, no pet.).  The trial court is not permitted, however, to try the defensive issues in deciding whether to set aside the default judgment.  *Estate of Pollack*, 858 S.W.2d at 392.  The existence of a meritorious defense is thus a "legal question[] for which the no-contrary-evidence rule was established in *Guar. Bank v. Thompson*, 632 S.W.2d 338, 339 (Tex. 1982)."  *George v. Smith*, No. 06-01-00019-CV, 2002 WL 91355, at *4 n.2 (Tex. App.—Texarkana Jan. 25, 2002, no pet.) (mem. op.).

In its motion for new trial, RMF alleged: (1) "Defendant has meritorious defenses to Plaintiff's claims because it is a bona fide mortgagee," (2) "Even if Plaintiff's allegations regarding

4

Ms. Nagle's interest in the Property [are true], which Defendant does not admit, Defendant is protected as a bona fide mortgagee," (3) "Ms. Nagle signed a deed of trust for a reverse mortgage on November 12, 2008[,] in favor of James B. Nutter & Company," (4) "The deed of trust lien was subsequently transferred to Defendant," (5) "An Assignment of Mortgage/Deed of Trust dated March 1, 2018[,] was recorded in the official property records for Marion County, Texas[,] in Volume 976, Page 418," (6) "Defendant had no actual knowledge of the probate records, nor did it have constructive notice," and (7) "Defendant has a good faith defense to Plaintiff's claims that it is a bona fide mortgagee and holds a valid, enforceable lien on the Property."

"Under section 13.001 [of the Texas Property Code], a lender can be a bona fide mortgagee, if the lender takes a lien in good faith, for valuable consideration, and without actual or constructive notice of outstanding claims." *Noble Mortg. & Invs., LLC v. D & M Vision Invs., LLC*, 340 S.W.3d 65, 76 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (citing *Houston First Am. Sav. v. Musick*, 650 S.W.2d 764, 769 (Tex. 1983)). "A bona fide mortgagee is entitled to the same protections as a bona fide purchaser."[3] *Id*. (citing *Graves v. Guar. Bond State Bank*, 161 S.W.2d 118, 120 (Tex. App.—Texarkana 1942, no writ)).

Noticeably absent from RMF's factual allegations in its motion for new trial are any allegations supporting RMF's claim that it did not have actual knowledge of Robertson's claim to the Property. It is evident that RMF was unaware of Robertson's ownership interest in the Property at the time the mortgage was executed and at the time it purchased the mortgage. If RMF had such

---

[3]Although status as a bona fide purchaser is an affirmative defense in a title dispute, "[t]o receive this special protection, one must acquire property in good faith, for value, and without notice of any third-party claim or interest." *Madison v. Gordon*, 39 S.W.3d 604, 606 (Tex. 2001).

5

knowledge, it would not have purchased the mortgage. Yet, "in legal parlance, actual knowledge embraces those things of which the one sought to be charged has express information, and likewise those things which a reasonably diligent inquiry and exercise of the means of information at hand would have disclosed." *Champlin Oil & Ref. Co. v. Chastain*, 403 S.W.2d 376, 388 (Tex. 1965) (quoting *Hexter v. Pratt*, 10 S.W.2d 692, 693 (Tex. Comm'n App. 1928, judgm't adopted) ("Where there is a duty of finding out and knowing, negligent ignorance has the same effect in law as actual knowledge.")). RMF failed to allege any facts in its motion for new trial in support of its conclusory statement that it lacked actual knowledge of Robertson's claim.

Likewise, RMF's motion for new trial is devoid of factual allegations supporting its claim that it did not have constructive notice of Nagle's will. *See, e.g.*, *Sw. Title Ins. Co. v. Woods*, 449 S.W.2d 773, 774 (Tex. 1970) (holding that recorded instrument not in chain of title does not establish constructive notice); *Hue Nguyen v. Chapa*, 305 S.W.3d 316, 323 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) (holding that unrecorded conveyance of interest in real property is void as to subsequent purchaser who purchases property for valuable consideration without notice).

To claim the status of a bona fide mortgagee, RMF was bound to support its conclusory statements that it had no actual or constructive notice of Robertson's claim to the Property with verified allegations of fact. *See Estate of Pollack*, 858 S.W.2d at 392. Because no such allegations appear in RMF's motion for new trial, it failed to establish a prima facie meritorious defense.

We, therefore, affirm the trial court's judgment.

Ralph K. Burgess
Justice

Date Submitted:     November 18, 2019
Date Decided:       January 3, 2020

# SUPPLEMENTAL MEMORANDUM OPINION

On November 25, 2019, we issued an opinion affirming the trial court's judgment in this matter. On December 10, 2019, Reverse Mortgage Funding, LLC (Reverse Mortgage), filed a motion for rehearing. While we ultimately overruled the motion for rehearing, on January 3, 2020, we withdrew our opinion dated November 25, 2019, and issued a new opinion further explaining our rationale for affirming the trial court's judgment. On January 21, 2020, Reverse Mortgage filed a second motion for rehearing stemming from our January 3, 2020, opinion. We overruled Reverse Mortgage's second motion for rehearing. Then on February 24, 2020, the parties filed a joint motion stating that they had reached a settlement of their disputes, asking that we withdraw our January 3, 2020, opinion, and seeking to have the appeal dismissed.

We grant that part of the parties' joint motion seeking to dismiss the appeal. However, we deny the portion of the motion asking that we withdraw our January 3, 2020, opinion. *See* TEX.

7

R. APP. P. 42.1(c). "A settlement does not automatically require the vacating of a court of appeals' opinion—either by [the Supreme Court of Texas] or by the intermediate appellate court." *Houston Cable TV, Inc. v. Inwood W. Civic Ass'n*, 860 S.W.2d 72, 73 (Tex. 1993) (per curiam). Because "courts are endowed with a public purpose," "a private agreement between litigants should not operate to vacate a court's writing on matters of public importance." *Id.* We have determined that our January 3, 2020, opinion addresses matters of public importance; consequently, the opinion will not be withdrawn.

We vacate our January 3, 2020, judgment, dismiss the appeal, and, in keeping with the parties' request, order that Reverse Mortgage bear the costs of this appeal.


Ralph K. Burgess
Justice

Date Decided:  March 5, 2020