## COX v. COX. (No. 9136.)

(Court of Civil Appeals of Texas, Ft. Worth.
June 28, 1919.)

1. PLEADING ⟨key⟩252(2) — AMENDMENT—EF-
FECT.

Under rules 12 and 14 (142 S. W. xviii), an
amended petition completely supersedes an orig-
inal petition, and the averments of the original
petition cannot be looked to in determining the
admissibility of evidence.

2. HABEAS CORPUS ⟨key⟩54 — PLEADING DI-
VORCE DECREE.

Where petitioner sought a writ of habeas
corpus to obtain the custody of his minor chil-
dren, he should, if relying on a divorce decree
awarding the custody of the children to him,
plead the decree.

3. HABEAS CORPUS ⟨key⟩99(3)—CUSTODY OF IN-
FANTS—JUDGMENT.

Where petitioner was granted a divorce
from his wife by the courts of a foreign state,
and was also granted the control and custody
of infant children of the marriage, the courts
of Texas, when petitioner sought a writ of ha-
beas corpus to obtain the custody of the chil-
dren, are not bound by the judgment in the di-
vorce, though required to give it full faith and
credit, but may inquire into the matter and
award the custody of the infants according to
their best interests.

Appeal from District Court, Tarrant
County; R. E. L. Roy, Judge.

Petition by James H. Cox for a writ of
habeas corpus against Rozena Cox to obtain
the custody of two minor children. From
judgment for respondent, petitioner appeals.
Affirmed.

Chas. T. Rowland, Marvin H. Brown, and
O'Daniel & Davis, all of Ft. Worth, for ap-
pellant.

Slay, Simon & Smith and I. T. Valentine,
all of Ft. Worth, for appellee.

CONNER, C. J. This appeal is from a
judgment in a habeas corpus proceeding in
the district court of the Seventeenth Judi-
cial district awarding the care, custody, and
control of two minor children of tender
years, William and Catherine Cox, to appel-
lee. The proceedings show that appellant is
the father and appellee the mother of said
children, and that appellant resides in the
state of Mississippi and appellee in Tar-
rant county, Tex.

But a single assignment of error is pre-
sented. Therein complaint is made of the
action of the court in sustaining appellee's
objection to the introduction of a certified
copy of a judgment and final decree rendered
in the suit of James H. Cox v. Rozena Cox,
No. 1180, on the 9th day of April, 1918, by
the chancery court of the Fourth judicial
district of the state of Mississippi. The judg-
ment purports to be a decree for a divorce
between the parties to this proceeding. The

decree awards the care, custody, and pos-
session of the infants named to the peti-
tioner. Appellant insists that the decree
was admissible and conclusive upon the is-
sues involved in this proceeding by virtue
of the "full faith and credit" clause of the
United States Constitution.

[1, 2] We pretermit, as unnecessary, a dis-
cussion of the question of jurisdiction of
the Mississippi court and of the legal effect
of the judgment as presented, for the rea-
son that we conclude that a full answer to
the assignment is to be found in the fact
that there was no plea of such judgment in
the petition upon which the parties pro-
ceeded to trial. It is true that in the orig-
inal petition filed by appellant, who insti-
tuted the proceedings, the judgment was
pleaded as conclusively determining appel-
lant's right and fitness for the care, custody,
and control of the children named. After
appellee's answer, however, had been filed,
appellant presented and had filed his first
amended original petition. The amended pe-
tition is introduced in the following lan-
guage:

"Petitioner, James H. Cox, after having first
had and obtained leave of the court, files this
his first amended original petition and applica-
tion for habeas corpus, in lieu of the original
filed herein on September 26, 1918, so as to aver
as follows."

In the following allegations no reference
whatever is made to the decree of divorce
originally declared upon. In substance, it
is only averred that the minors named had
been unlawfully and illegally taken from the
possession of the petitioner and restrained
of their liberty; that the petitioner was
amply able and fully competent and worthy
of the further and future care, custody, and
control of said children; and that it was
for the welfare and best interest of said
minors, they and each of them, that they be
continued in the possession of the petitioner.

Rule 12 (142 S. W. xviii), promulgated for
the guidance of the district court, provides
that an amendment to a pleading may be
made by either party, upon leave of the
court for that purpose; the function of the
amendment being to add something to, or
withdraw something from, that which has
been previously pleaded, so as to perfect
that which has been incorrectly stated by
the party making the amendment.

Rule 14 (142 S. W. xviii) reads as follows:

"Unless the substituted instrument shall be
set aside on exceptions for a departure in plead-
ing or on some other ground, the instrument
for which it is substituted shall no longer be re-
garded as a part of the pleading in the record
of the cause, unless some error of the court
in deciding upon the necessity of the amend-
ment, or otherwise in superseding it, be com-
plained of, and exception be taken to the ac-
tion of the court, or unless it be necessary to

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

look to the superseded pleading upon a question of limitation."

A consideration of these rules renders it apparent that the judgment, as a determinative factor in the proceeding, was not an issue in the trial before the court below, for it is too well settled to require a citation of authorities that if the petitioner desired to rely upon the judgment as effective it was necessary that he plead it. Because, therefore, of the absence of a proper plea, the court properly excluded the judgment, it having no evidentiary force except that given by the full faith and credit clause of the Constitution referred to.

[3] Moreover, it may be added that the fact, if established, that at the date of the Mississippi judgment, April 9, 1918, appellant was the proper person to whom to commit the care, custody, and control of the children, and that it was then for the best interest of the children that they be committed to him, would not deprive the district court of Texas, before which this proceeding was instituted, of the power of determining whether it was then, viz. September 30, 1918, for the best interest and welfare of said children that their custody and control should remain with the father. See Anderson v. Cossey, No. 9132, 214 S. W. 624, decided by this court June 21, 1919, not yet officially published. It was there held, and we approve the ruling, that the paramount issue in the proceedings of this character is whether or not the best interest of the minor demands that its care and custody should be taken from one person and committed to that of another. Appellee in her answer, among other things, alleged such acts of cruelty, outrageous conduct, and other circumstances as made, so it was averred, appellant an unfit person to continue in the care and custody of the minors; the appellee's ability and worthiness to have such control. No complaint is made on this appeal of the insufficiency of the evidence to support the judgment in appellee's favor on the issues actually presented, and we think the assignment of error mentioned should be overruled and the judgment affirmed.

Judgment affirmed.