WESTERN CASUALTY INSURANCE COMPANY OF TEXAS, Appellant,

v.

John PENSON et ux., Appellees.

No. 16237.

Court of Civil Appeals of Texas.

Fort Worth.

June 23, 1961.

H. J. Loe, Fort Worth, for appellant.

D. C. Gandy, Fort Worth, for appellees.

MASSEY, Chief Justice.

The appeal before us arose out of a suit on a contract of hospital, medical and surgical insurance issued by the defendant insurance company. Plaintiffs John Penson and wife brought suit thereupon, alleging that under said contract the company "* * * insured plaintiffs against various contingencies, * * * all as set out in the pol-

icy", which was attached to the plaintiffs' original petition, marked Exhibit "A", and made a part thereof. Continuing, plaintiffs alleged that on or about November 16, 1959, Mrs. Penson was hospitalized, and that she was confined to the hospital for a period in excess of 30 days, during which period she was furnished certain enumerated services insured against in the policy contract, the total charges for which amounted to $532.-50, all of which were alleged to be "reasonable, necessary and proper".

A peculiar situation which has caused concern in the determination of the proper action on appeal has arisen because the plaintiffs' original petition was amended prior to any trial, and trial of the plaintiffs' motion for interlocutory summary judgment on the issue of "liability" and subsequent trial on the issue of "damages" were each upon pleadings which did not include the policy contract sued upon. This became immaterial in so far as the summary judgment proceedings were concerned, for the policy was specifically made a part of the proof before the court for purposes of said proceeding, but materiality otherwise is apparent when it is noted that the policy was never introduced in evidence upon the trial on the issue of "damages".

■ Neither party to the appeal saw fit to make the policy of insurance a part of the record before us. Any presumption arising because of its omission would, under the circumstances of the case, be against the company in so far as the interlocutory summary judgment is to be considered. Contrarily, there would be no presumption against the company as related to the judgment to be considered separately and apart from the interlocutory decree, for the policy would be no proper part of the record on that proceeding in view of its absence from the pleadings and since it was not introduced in evidence. Texas Rules of Civil Procedure 65, "Substituted Instrument Takes Place of Original"; McDonald, Texas Civil Practice, p. 510, et seq., "Pleading: General", Sec. 5.17 "Exhibits"; Cox v. Cox, 1919, Tex.Civ.App., Fort Worth, 214 S.W. 627.

■ The circumstances of the case require that we construe and settle our minds upon what was actually ordered, adjudged and decreed by the partial summary judgment. Therein it was stated that " * * * the defendant herein is liable to the plaintiff for damages in connection with plaintiffs' suit, that the amount of said damages shall be determined upon the trial hereof, and that upon the trial hereof, the issues shall be limited solely to damages." When we examine the plaintiffs' motion for the summary judgment and the evidence supporting such, as specified in the motion, we are convinced that the decree could have meant no more than that the policy of insurance sued upon was in force and effect on November 16, 1959, and during the period of more than 30 days next succeeding, and that the company was liable under the insurance policy for the reasonable expenses of plaintiffs for those hospital, medical and surgical services *covered in the policy contract and secured, and actually necessary to be secured,* during said period. Such limitation being apparent by the evidence upon the summary judgment hearing, the decree entered will be given a construction which is in accord.

Therefore it is made certain that the burden of proof remained upon plaintiffs to establish by their evidence, under appropriate pleadings, the amount of reasonable expenses for hospital, medical and surgical services actually and necessarily incurred beginning on or about November 16, 1959, and during the period of more than 30 days next succeeding, set forth as contingent expenses covered by the policy contract which would entitle the plaintiffs to insurance benefits as therein stated, or as calculable therefrom. Such was not proved by plaintiffs upon the trial. Thereupon it was merely established that certain amounts in money were "reasonable", or would be a

reasonable expense for items such as hospital room charges, X-ray charges, etc. The requisite of proof that such expenses were actually incurred, were necessary, etc., was wholly wanting. Further, since the policy of insurance was not introduced in evidence, and was no part of the pleadings upon which the parties went to trial, there would be no way to refer to it in any determination of the amount thereunder to which plaintiffs were entitled, even had there been no want of other requisite proof.

The point of error presenting the reason why a reversal will be decreed in this instance is one wherein it is contended that plaintiffs failed either to allege or establish by evidence any right to recover the damages decreed by the judgment appealed from. The company insists that the court erred in refusing to grant a judgment in its behalf as prayed for in its motion for judgment advancing the same contentions. Certain language in 4 Tex.Jur.2d, p. 522 et seq., "Appeal and Error—Civil", Sec. 914 "Remand where case not fully developed" (3B Tex.Jur., p. 613 et seq., 1019) indicates that the propriety of remand would not exist in such a situation unless it appeared that the prevailing party had been either prevented from fully developing his case or that his omission to do so was excusable. However, the most recent authoritative decision on the question seems to be the case of Davis v. Gale, 1960, Tex., 330 S.W.2d 610, in which our Supreme Court stated that when the justice of the case demands another trial to give an appellee an opportunity to supply additional evidence upon which to found a similar judgment to that which the court reversed, a remand rather than a rendition of the case is the proper judgment. We are of the opinion that to the extent the case before us involves matter other than that disposed of by the entry of the interlocutory decree of partial summary judgment justice requires a remand to the court below for another trial.

All points of error advanced in this court other than that upon which the case is re-versed have been severally examined, deemed without merit, and for that reason are overruled.

Reversed and remanded.