**FIRST BANKERS INSURANCE COMPANY, Appellant,**

v.

**Robert O'HAIR, Appellee.**

**No. 7726.**

Court of Civil Appeals of Texas.

Amarillo.

June 19, 1967.

———◆———

Stigall & Maxfield, Dallas, John F. Maxfield, Dallas, of counsel, for appellant.

Kirby & Ratliff, Littlefield, Louis M. Ratliff, Jr., Littlefield, of counsel, for appellee.

DENTON, Chief Justice.

This is a suit for benefits under a hospitalization insurance policy. The trial court granted the plaintiff's motion for summary judgment against the insurer, First Bankers Insurance Company.

Appellant contends the trial court erroneously granted the motion for summary judgment because the record contained no copy of the insurance policy upon which the claim was made; and for the further reason the plaintiff's pleadings and affidavits present a genuine issue as to a material fact. The plaintiff's unverified motion for summary judgment had attached thereto, supporting affidavits of the plaintiff; the treating doctor; and copies of two Assumption Certificates by which appellant, First Bankers Insurance Company, assumed and reinsured appellee under an insurance policy originally issued by Preferred Service Mutual Life Insurance Company. No copy of the policy was attached to the motion for summary judgment nor to the pleadings. It was not before the trial court nor is it in the record in this court.

Appellee takes the position that although a copy of the insurance policy was not attached or otherwise placed in the record, the trial court correctly rendered judgment for the appellee for the reason appellant admitted it had reinsured and assumed the policy previously issued by another company; that the terms and conditions of the contract were not in issue or in dispute; and that appellant did not object by pleadings that a copy of the policy was not attached.

Appellee's original petition alleged "that this is a suit upon a policy of hospitalization or health insurance" and sets out the policy number, date of issuance, and attached thereto the two Assumption Certificates by which the named companies, including appellant, assumed the obligation to perform under the insurance policy. The two Assumption Certificates were also attached to appellee's motion for summary judgment, however, neither these Certificates nor the pleadings contain any of the provisions of the insurance contract sued upon.

■ In order for a party to be entitled to a summary judgment, the provisions of Rule 166–A, Texas Rules of Civil Procedure, must be strictly complied with. Womack v. Allstate Insurance Co., 156 Tex. 467, 296 S.W.2d 233. The failure to file opposing or counter affidavits is not necessarily fatal. Summary judgments are not granted by default but upon the movant's discharge of his burden to show the absence of material facts issues. Freeberg v. Securities Investment Co. of St. Louis (Tex.Civ.App.) 331 S.W.2d 825 (Error Ref.). Hatter v. Worst (Tex.Civ.App.) 390 S.W.2d 293 (Ref. N.R.E.).

■ Appellee's cause of action is based solely upon the insurance contract. In the

absence of a copy of the policy, or pleadings setting forth the applicable provisions of the policy, or admissions to establish the material provisions of the policy relied upon, there can be no basis upon which the court can render a judgment. The amount or extent of the insurer's liability cannot be determined. The insurance benefits, if any, are derived from the insurance policy itself. In the state of this record these benefits cannot be ascertained. Boswell v. Handley (Tex.Sup.) 397 S.W.2d 213; Gardner v. Martin, 162 Tex. 156, 345 S.W. 2d 274; Aetna Insurance Co. v. Klein, 160 Tex. 61, 325 S.W.2d 376; Western Casualty Insurance Co. v. Penson (Tex.Civ.App.) 348 S.W.2d 234.

The judgment of the trial court is reversed and the cause is remanded.