**DALLAS EIGHT, LTD., et al., Appellants,**

v.

**AARON RENTS, INC., d/b/a MacTavish Rents, Inc., Appellee.**

No. 1092.

Court of Civil Appeals of Texas, Tyler.

Dec. 29, 1977.

W. W. Mitchell, II, Berman, Fichtner & Mitchell, Dallas, for appellants.

Michael F. Linz, John B. Atwood, III, Creel, Atwood, Spinuzzi & Chapman, Dallas, for appellee.

DUNAGAN, Chief Justice.

This is a summary judgment case. Appellee, Aaron Rents, Inc., d/b/a MacTavish Rents, Inc., brought suit against the appellants, Dallas Eight, Ltd., a limited partnership, and against the individual Sheldon Jonathan Freed, alleged to be the general partner of the limited partnership, alleging that Dallas Eight, Ltd., had pursuant to a written agreement leased certain furniture and equipment from the appellee. The appellee in its original petition brought the suit in the form of a sworn account alleging that the appellants owed $11,866.92 for rentals money due, and further alleging that some of the rental furniture was missing, the value of which being $9,431.00 for which the appellants were liable under the agreement. Appellee later filed an amended petition alleging the same facts, but abandoning his plea on sworn account.

Only one of the appellants ever filed any pleadings in the cause, Sheldon Jonathan Freed filing his first amended original answer containing a sworn denial of the execution by himself or by his authority of any of the lease agreements or rental contracts, and further stating under oath that he denied being a general partner of Dallas Eight, Ltd. Dallas Eight, Ltd., never filed an answer to appellee's petition although they did make an appearance before the court and participated in an agreed order allowing the appellee to retrieve any furniture in the possession of Dallas Eight, Ltd., that was the subject of dispute.

The appellee moved for summary judgment and accompanied its motion with the affidavit of Jean Fall, the custodian of the appellee's records. The records were attached to this affidavit. No answer, counter-affidavits or other summary judgment proof was filed in response to the motion for summary judgment by either appellant.

After a hearing on appellee's motion for summary judgment, the court rendered judgment against the appellants jointly and severally in the amount of $21,290.02.

We reverse and remand for a new trial.

The appellants assert seven points of error, the discussion of which will be made as necessary. It is sufficient at this point to say that appellants contend that appellee has not met its burden of proof to show the absence of a material issue of fact.

This suit is not one based upon a sworn account. The appellee's first amended petition does not contain any affidavit to bring this action within the confines of Rule 185, Tex.R.Civ.P. In addition to this, this case involves a written lease agreement, and a suit on a sworn account must be based upon a transaction involving a sale on one side and a purchase on the other whereby title to personal property passes from one to the other. *Morgan v. Morgan,* 406 S.W.2d 347, 351 (Tex.Civ.App.-San Antonio 1966, no writ).

As we have previously stated, the summary judgment proof for the appellee consists of the affidavit of Jean Fall and the records of appellee attached thereto. One of the documents attached to the motion

and accompanying affidavit is a written lease agreement made the basis of this suit which the appellee alleges was made between Dallas Eight, Ltd., and the appellee. The document is signed only by an individual named Stephens, and no proof whatsoever is shown establishing a link between Stephens and Dallas Eight, Ltd.

In her affidavit, Mrs. Fall states that the records "pertain to Dallas Eight, Limited . . . " and that they " . . . show Dallas Eight Limited . . . to be indebted . . . ." The records attached to this affidavit, which exceed ten in number, contain only two or three references to Dallas Eight, Ltd. Most of the records are carried in the names of various apartment complexes, and no proof of ownership of these complexes is offered by the appellee. The statements in the affidavit are conclusory, and it is the established rule that conclusions are not competent evidence to support a summary judgment. *Hidalgo v. Surety Savings and Loan Association,* 487 S.W.2d 702 (Tex.1972); *Box v. Bates,* 162 Tex. 184, 346 S.W.2d 317 (1961); *Crain v. Davis,* 417 S.W.2d 53 (Tex.1967); *Phagan v. State,* 510 S.W.2d 655 (Tex.Civ.App.-Fort Worth 1974, writ ref'd n. r. e.). The statements must be supported by the records attached and we find no such support here. Further, we cannot say the affidavit presented in this case is clear, direct and positive, as it must be to support a summary judgment when made by an interested witness. *Evans v. Fort Worth Star Telegram,* 548 S.W.2d 819, 820 (Tex.Civ.App.-Fort Worth 1977, no writ).

This court is hesitant to reverse the trial court's summary judgment in favor of the appellee wherein Dallas Eight, Ltd., filed no answer to appellee's petition and filed no response to the appellee's motion for summary judgment. However, in view of the record we are presented with we have no alternative. The Texas Supreme Court has recognized that summary judgment may in certain instances be based solely on the pleadings. The court said in *Hidalgo v. Surety Savings and Loan Association,* 462 S.W.2d 540 (Tex.1971), Footnote 1 at page 543:

"We are not to be understood as holding that summary judgment may not be rendered, when authorized, *on the pleadings,* as, for example, when suit is on a sworn account under Rule 185, Texas Rules of Civil Procedure, and the account is not denied under oath as therein provided, or when the plaintiff's petition fails to state a legal claim or cause of action. In such cases summary judgment does not rest on proof supplied by pleading, sworn or unsworn, but on deficiencies in the opposing pleading." (Emphasis theirs.)

We do not feel that in this instance summary judgment is properly sustainable upon the pleadings since the case involves an unliquidated claim requiring proof.

If the movant's evidence only serves to raise a fact issue, the opponent of the motion need not file any contradictory proof. *First Bankers Insurance Company v. O'Hair,* 417 S.W.2d 654 (Tex.Civ.App.-Amarillo 1967, n. w. h.); *Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex.1972); *Horn v. First Bank of Houston,* 530 S.W.2d 864 (Tex.Civ. App.-Houston [14th Dist.] 1975, no writ). For the reasons stated above, we do not feel that appellee has proved a prima facie case. Therefore, the appellee has not met its burden of proof to establish as a matter of law that there are no genuine issues of material fact as to any of the essential elements of plaintiff's (appellee's) cause of action. *Gibbs v. General Motors Corporation,* 450 S.W.2d 827, 828 (Tex.1970); *Prestegord v. Glenn,* 441 S.W.2d 185, 187 (Tex.1969). It is clear the appellee has not met a movant's burden when one considers that summary judgment should only be granted " . . . when it clearly appears that only a question of law is involved and that there is no genuine issue of fact." *First Bankers Insurance Company v. O'Hair, supra; Swilley v. Hughes, supra.*

In our opinion, the defects in proof here do not fall within the purview of the defects that must be objected to at the trial court or be waived on appeal. *Youngstown Sheet & Tube Co. v. Penn,* 363 S.W.2d 230, 234 (Tex.1962); *Woods Exploration and*

*Producing Company, Inc. v. Arkla Equipment Company,* 528 S.W.2d 568 (Tex.1975). Defects such as those in *Youngstown* are purely "formal defects" that the record reflects probably could have been corrected if objected to at the trial court. The defects we are confronted with in this case are matters of substantive proof and the record does not reflect that these matters could have been readily corrected in the affidavit if a proper objection had been made.

 It appears from the record that when Dallas Eight, Ltd., failed to file an answer to appellee's petition, the appellee had the opportunity to seek a default judgment pursuant to Rule 239, Texas Rules of Civil Procedure. In failing to seek this remedy, and in choosing to proceed on a summary judgment theory, the appellee assumed the burden of meeting the requirements of summary judgment proof. The burden was not met by the appellee. *First Bankers Insurance Company v. O'Hair, supra; Swilley v. Hughes, supra.*

Appellants' third point of error as it pertains to the failure of appellee to show the absence of any issues of material fact in appellee's cause of action against Dallas Eight, Ltd., is sustained.

Regarding the second appellant, Sheldon Jonathan Freed, the appellee's first amended petition alleged that Freed was liable as a general partner of Dallas Eight, Ltd. Since we have previously held that the appellee did not prove the absence of any genuine issues of material fact regarding the cause of action against Dallas Eight, Ltd., it follows that an absence of genuine issues of material fact has not been proven by the appellee against Sheldon Jonathan Freed, since his liability is based upon being a general partner of Dallas Eight, Ltd.

The appellee asserts that Freed did not file a sufficient sworn denial of his capacity as a general partner of Dallas Eight, Ltd. The sworn pleading of Freed states that " . . . Defendant denies that he was a general partner of Dallas Eight, Ltd., during the year 1974 for the reasons set forth in Defendant's Third Party Petition previously filed herein and incorporated by reference." The appellee states that this denial is not an absolute denial and refers to pleadings not before the court. The appellee further states that Freed admitted being a general partner of Dallas Eight, Ltd., but said he resigned.

We find no admissions of partnership in the record. Also, we find no summary judgment evidence showing that Sheldon Jonathan Freed is a general partner of Dallas Eight, Ltd. We think the sworn denial filed by Freed is sufficient to satisfy Rule 93(f), Tex.R.Civ.P. The denial is an absolute denial, the reasons for which are immaterial. Accordingly, appellants' seventh point of error complaining of the lack of showing of general partnership is sustained.

The remainder of appellants' points are rendered immaterial by the above holdings.

Judgment of the trial court is reversed and remanded.

Reversed and remanded.