NO. 07-00-0096-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 16, 2001

______________________________

HERBERT FEIST, TDCJ-ID 318012, PRO SE, APPELLANT

V.

STUART D. WILLIAMS, ET AL., APPELLEES

_________________________________

FROM THE 47
TH
 DISTRICT COURT OF POTTER COUNTY;

NO. 86720-00-A; HONORABLE DAVID L. GLEASON, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant Herbert Feist challenges the order of the trial court dismissing his suit against appellees Stuart D. Williams, Lloyd Simms, and Emily Tinsley.  In his suit, appellant, an inmate of the Institutional Division of the Department of Criminal Justice acting pro se, sought relief from numerous alleged violations of his civil rights with respect to the conditions of his incarceration.  In his brief, he asserts seven issues which he contends show error on the part of the trial court in dismissing his lawsuit.  Disagreeing that reversal is required, we affirm the judgment of the trial court.

In his seven issues, appellant alleges (1) the clerk of the trial court violated her duty not to be biased by not providing him with requested information, (2) appellees violated the citation and summons because their answer was filed late, (3) the trial court erred in failing to enter a default judgment against appellees because their answer was filed late, (4) the trial court erred in failing to strike appellees’ answer because it was filed late, (5) the trial court erred in dismissing his lawsuit without weighing disputed facts, (6) the trial court erred in failing to consider issuance of a restraining order and injunction, and (7) the dismissal order which appellant never received neither specified the reasons for the dismissal nor were findings of fact and conclusions of law filed. 

The record reveals that appellant filed his complaint on September 29, 1999.  Citation was issued on the same day and service of process was made on appellees on October 15, 1999.  However, appellees’ answer was not filed until January 27, 2000.   Appellees filed their motion to dismiss on the same date based upon appellant’s failure to comply with section 14.001 
et seq.
 of the Civil Practice and Remedies Code.  The record does not show that a motion for default judgment was ever filed by appellant prior to the time appellees’ answer was filed.  An order of dismissal based on the motion to dismiss was signed on February 8, 2000.    

In his first issue, appellant complains of bias and discriminatory behavior on the part of the court clerk in that she failed to respond to his request for the date of the filing of his complaint, the date of issuance of the summonses, and the date service was made.  Therefore, he could not timely file a motion for default judgment.  As a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion and the trial court ruled on the request, objection, or motion, either expressly or implicitly, or refused to rule.  Tex. R. App. P. 33.1(a)(1) and (2).  Nothing in the record shows that this matter was ever presented to the trial court.  A point not raised by pleading, motion for new trial, or otherwise presented to the court may not be raised on appeal.  
Chubb Lloyds Ins. Co. of Texas v. Kizer
, 943 S.W.2d 946, 953 (Tex.App.--Fort Worth 1997, writ denied).    

Furthermore, appellant alleges the court clerk violated Rules of Civil Procedure 23, 656, 99, 103, 106, 107, 119, 686, 680 and 690 without specifying in what manner those violations occurred.  Issues must be supported by argument and authority, and if not so supported, they are waived.  
Sullivan v. Bickel & Brewer,
 943 S.W.2d 477, 486 (Tex.App.-- Dallas 1995, writ denied).  Also, when multiple legal theories are presented in a single point, it is multifarious and presents nothing for appellate review.  
Hernandez v. State
, 914 S.W.2d 226, 229 (Tex.App.--Waco 1996, no pet.).  Appellant’s first issue is overruled.

In his second, third, and fourth issues, appellant alleges that, because appellees did not timely file their answer, a default judgment should have been entered by operation of law, the answer should have been stricken, or the trial court should have entered sanctions against appellees.  A written answer to a plaintiff’s petition must be filed on or before 10:00 a.m. on the Monday next after the expiration of 20 days after the date of service.  
See
 Tex. R. Civ. P. 99(b) and (c).  Because appellees were served on October 15, 1999, their answer was due long before it was actually filed on January 27, 2000.  At any time after a defendant is required to answer, the plaintiff may take judgment by default against the defendant if he has not previously filed an answer and the citation with the officer’s return has been on file for the length of time required by Rule 107.  Tex. R. Civ. P. 239.  However, if an answer is filed after the answer date but before the court announces a default judgment in open court or signs the judgment, it is error to render such a judgment. 
$429.30 In U.S. Currency v. State
, 896 S.W.2d 363, 365 (Tex.App.--Houston [1
st
 Dist.] 1995, no writ).   In failing to seek a default judgment upon a defendant’s failure to file an answer to a petition, the plaintiff assumes the burden of the litigation continuing forward.  
See Dallas Eight, Ltd. v. Aaron Rents, Inc., 
560 S.W.2d 778, 781 (Tex.Civ.App.--Tyler 1977, no writ).  

As already noted, there is nothing in the clerk’s record to indicate that appellant sought to obtain a default judgment at any time, much less prior to the filing of the answer.  Because appellant did not seek a default judgment prior to the time that an answer was filed, even though that filing was late, there was no error on the part of the trial court in not granting a default judgment, failing to strike the answer, or in not entering sanctions for that late filing.  Appellant’s second, third, and fourth issues are overruled.  

Appellant claims in his fifth issue that the court erred in dismissing his complaint.  Appellees filed a motion to dismiss on the basis that appellant had failed to comply with section 14.004 of the Civil Practice and Remedies Code, which requires an inmate who brings a claim upon the filing of an affidavit or unsworn declaration of his inability to pay costs to also file an affidavit or unsworn declaration identifying each suit previously brought by him in which he was not represented by an attorney.  That affidavit must (1) describe each such suit stating the operative facts for which relief was sought, (2) list the case name, cause number and the court in which the suit was brought, and (3) identify each party named in the suit and state the result of the suit, including whether it was dismissed as frivolous or malicious.  Tex. Civ. Prac. & Rem. Code Ann. § 14.004(a)(1) and (2) (Vernon Supp. 2001).  Appellees additionally assert that appellant has filed at least 20 previous lawsuits, rather than only the three he listed.  The trial court found that the motion was of merit and should be granted.  

The purpose of Chapter 14 of the Civil Practice and Remedies Code was defined in 
Hickson v. Moya
, 926 S.W.2d 397 (Tex.App.--Waco 1996, no writ), to be that of controlling “the flood of frivolous lawsuits being filed in the courts of this State by prison inmates, consuming valuable judicial resources with little offsetting benefit.”  
Id. 
at 399.  Because the purpose of the statute is defeated if an affidavit or declaration is filed that does not contain all the information required, we believe that a trial court can, within its discretion, dismiss the suit.  In 
Bell v. Texas Dept. of Criminal Justice
, 962 S.W.2d 156 (Tex.App.--Houston [14
th
 Dist.] 1998,  pet. denied), the court affirmed a trial court dismissal of an inmate’s suit, reasoning that while Bell did list four previous filings, he did not state the operative facts for which relief was sought in those cases or identify each party to the suits.  
Id.
 at 158.   A court can also dismiss a suit if the inmate filed an affidavit or unsworn declaration that he knew was false.  Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(3) (Vernon Supp. 2001).

Appellant filed a declaration which lists three lawsuits, but does not state the operative facts.  Appellant also indicates the lawsuits were dismissed, but does not state whether they were dismissed as frivolous or malicious.   We review the trial court’s action under an abuse of discretion standard.  
Hickson
, 926 S.W.2d at 398.  A trial court abuses its discretion in making a decision when it acts without reference to any guiding rules and principles. 
Downer v. Aquamarine Operators, Inc.
, 701 S.W.2d 238, 241-42 (Tex. 1985), 
cert. denied
, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986).  Because appellant failed to furnish the complete information required by the statute, we cannot say that the trial court abused its discretion in dismissing the suit.  Appellant’s fifth issue is overruled.

In his sixth issue, appellant complains of the trial court’s failure to consider the issuance of a restraining order and temporary injunction.  Because we have found that the trial court’s dismissal of appellant’s complaint was not an abuse of discretion, its failure to consider the issuance of a restraining order and temporary injunction was also not an abuse of discretion.  Appellant’s sixth issue is overruled.

In his last issue, appellant complains of the trial court’s failure to issue findings of fact and conclusions of law.  A party may request the court to state in writing its findings of fact and conclusions of law in any case tried without a jury.  Tex. R. Civ. P. 296.  The request must be filed within 20 days after the judgment is signed.  
Id.  
The court shall file its findings of fact and conclusions of law within 20 days after a timely request is filed.  Tex. R. Civ. P. 297.  The clerk’s record does not show that appellant ever requested the court to file findings of fact and conclusions of law.  Therefore, there was no error on the part of the trial court in failing to do so.  Appellant’s seventh issue is overruled.

Having overruled all of appellant’s issues, we affirm the judgment of the trial court.

John T. Boyd

 Chief Justice

Do not publish.